## DUBLIN TOWNSHIP *v.* MILFORD SAVINGS INSTITUTION.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

No. 943. Submitted November 19, 1888. — Decided December 10, 1888.

This court has no jurisdiction of a writ of error to the Circuit Court by reason of a certificate of division of opinion upon questions arising on demurrers to several defences in the answer, each of which questions, instead of clearly and precisely stating a distinct point of law, requires this court to find out the point intended to be presented, by searching through the allegations of the answer and the provisions of a statute, and by also examining either the whole constitution of the State, or else reports or records of decisions of its courts, made part of the answer.

THE original action was brought by the Milford Five Cent Savings Institution, a New Hampshire corporation, against

the Trustees of Dublin Township, Mercer County, Ohio, upon coupons attached to bonds issued by the defendants to aid in the construction of a railroad, under the statute of Ohio of April 10, 1880. 77 Ohio Laws, 165.

Each count of the petition set forth at length provisions of that statute, and the facts relied on as constituting the cause of action, and alleged that the statute was not in conflict with the Constitution of Ohio, as had been determined by the Supreme Court of the State in *Walker* v. *Cincinnati*, 21 Ohio St. 14.

The answer, occupying six closely printed pages of the record, set up seven defences to the action, the nature of four of which, constituting the greater part of the answer, is indicated by the following abstract:

The third defence asserted that the statute was in conflict with the Constitution of the State, set forth at length a number of facts and reasons supposed to bear upon that point, alleged that the Supreme Court of Ohio by a uniform series of decisions had held this and similar statutes to be in violation of the Constitution of the State and void, and denied that this case was similar to that of *Walker* v. *Cincinnati*, mentioned in the petition.

The fourth defence was that one Counterman and one Keith, two, in behalf of all, taxpayers of the county, brought suit in a court of the county against these defendants and the county auditor and treasurer to restrain the levy and collection of taxes to pay the bonds, because of the unconstitutionality of the statute; that the suit was defended upon its merits and resulted in a decree for a perpetual injunction; and that the case was reported in 38 Ohio St. 515. A copy of the record in that case was filed with and referred to as part of the answer in the present case, occupying eleven pages of this record.

The fifth defence was that the present plaintiff, as relator, filed a petition in a court of the county against these defendants and the county auditor for a mandamus to compel the levy and assessment of a tax to pay the bonds, and obtained an alternative writ of mandamus, and the defendants filed an answer setting up the unconstitutionality of the statute, to

which the plaintiff demurred, and thereupon judgment was entered, holding the answer valid, and dismissing the petition, which was still unreversed and in full force. A copy of the record of that case, occupying six pages, was referred to and made part of the answer in the present case.

The seventh defence, "reiterating and re-averring all the allegations of said third defence, as if again here rewritten," set out the provision of article 8, section 6, of the Constitution of Ohio, by which "the General Assembly shall never authorize any county, city, town or township, by a vote of its citizens or otherwise, to become a stockholder in any joint stock company, corporation or association whatever, or to raise money for, or loan its credit to or in aid of, any such company, corporation or association;" and, after stating other facts and reasons supposed to bear upon the question, alleged "that it was well known and understood by all people, including the plaintiff, who gave the matter any consideration whatever, that the act in question was intended as an evasion of the provisions of the constitution aforesaid;" and "that the act in question and the scheme therein contemplated, together with the concurrent legislation in reference to the same projected railway, was similar to that which had been decreed by the Supreme Court of the State of Ohio to be in plain violation of the Constitution of the State of Ohio, in the case of *Taylor* v. *Commissioners of Ross County*, 23 Ohio St. 22."

The plaintiff demurred to each of these grounds of defence, for the reason that it did not state facts sufficient to constitute a defence to the action.

Upon argument before the Circuit Judge and the District Judge, the court, in accordance with the opinion of the Circuit Judge, sustained the demurrers, and, the defendants not wishing to answer further, gave judgment for the plaintiff in the sum of $3819.15, and the judges certified a division of opinion upon the following questions of law:

"First. Whether the said answer showed that the law under which the bonds sued upon were issued was in conflict with the Constitution of the State of Ohio and therefore void.

"Second. Whether, if said legislation is in conflict with the Constitution of the State of Ohio, there had been such decision of the state courts, prior to its passage and to the sale or negotiation of the bonds alleged in the petition, that such and similar legislation was constitutional and valid, as entitles the plaintiff to recover under the decisions of the Federal courts, notwithstanding the act in question had been declared to be unconstitutional by the court of last resort in the State of Ohio after said bonds were sold.

"Third. Whether the former suits, actions and proceedings in the state courts, or any of them, alleged in said answer, were and are such adjudication of the questions involved in this action, as amounts to a bar to the plaintiff's right to recover herein."

The defendants sued out a writ of error, which the plaintiff now moved to dismiss for insufficiency of the certificate to give this court jurisdiction.

*Mr. Oliver J. Bailey, Mr. James J. Sedgwick* and *Mr. J. C. Lee* for the motion.

*Mr. John H. Doyle, Mr. S. E. Brown* and *Mr. Herbert H. Walker* opposing.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

By the rules often laid down in former cases, and restated at the last term in *Jewell* v. *Knight,* 123 U. S. 426, and at the present term in *Fire Insurance Association* v. *Wickham, ante,* 426, this court cannot take jurisdiction of this case, because, besides the manifest attempt to refer to this court for decision substantially the whole case by the device of splitting it up into several questions, neither of the questions certified presents a distinct point or proposition of law, clearly and precisely stated; but each requires this court to find out for itself the point intended to be presented, by searching through the allegations of the answer and the provisions of the statute relied on by the plaintiff, and by also examining

either the whole constitution of the State, or else reports or records of decisions of its courts, referred to in the answer and made part thereof.

The certificate is even more irregular and insufficient than one undertaking to present the question, arising on demurrer or otherwise, whether an indictment, or a count therein, sets forth any offence, which this court has constantly held not to be a proper subject of a certificate of division of opinion. *United States* v. *Briggs*, 5 How. 208 ; *United States* v. *North-way*, 120 U. S. 327.

*Writ of error dismissed for want of jurisdiction.*