## UNITED STATES *v.* HALL.

### CERTIFICATE OF DIVISION IN OPINION FROM THE DISTRICT OF CALIFORNIA.

No. 1084. Argued April 9, 1889. — Decided May 13, 1889.

The statutes of the United States confer upon notaries public no general authority to administer oaths.

No statute of the United States authorizes notaries public to administer an oath to a deputy surveyor of the United States in regard to the manner in which he fulfilled a contract for surveying public land.

Certificates of division in opinion which present no clear and distinct propositions of law, but which, on the contrary, split up the case into fragments for the purpose of obtaining the opinion of this court before a trial or decision in the court below, are insufficient to invoke its jurisdiction.

THE case is stated in the opinion.

*Mr. Solicitor General* for plaintiffs in error.

*Mr. Walter H. Smith* for defendant in error. *Mr. Frank H. Hurd* was with him on the brief.

*Mr. William M. Stewart* also filed a brief for defendant in error.

Mr. Justice Miller delivered the opinion of the court.

This case comes before us on a certificate of division of opinion between the judges of the Circuit Court of the United States for the District of California.

The record presents an indictment against John D. Hall for making a false oath as to his services as deputy surveyor of the United States in regard to the manner in which he had fulfilled a contract for surveying several townships of land in California. The indictment is diffuse and obscure, but it can perhaps be sufficiently ascertained from it that the offence charged against Hall is the false oath, intended to be used in procuring pay for services which the indictment charges were never rendered.

It is alleged that the oath set forth in the affidavit was made before T. T. Tidball, a notary public, duly appointed, commissioned and qualified as such, in and for the county of Monterey, California; and one of the questions certified to us, on which the judges were divided in opinion, is, whether a notary public is authorized to administer oaths and certify affidavits of the character and purpose for which that affidavit is alleged to have been prepared.

There was a demurrer to the indictment, in which eighteen distinct grounds of demurrer are set out; and upon the hearing of this demurrer the judges certified to this court six matters on which they were divided in opinion. They are as follows:

" 1. Do the facts set forth in this indictment constitute an offence under section 5418 of the Revised Statutes of the United States?

" 2. Do the facts alleged in this indictment constitute an offence under section 5438 of the Revised Statutes of the United States?

" 3. Are the words 'falsely makes' in section 5418, Revised Statutes, limited to forged instruments or instruments in the nature of forged instruments?

"4. Does the making of a genuine writing or instrument, signed by the party making it or purporting to make it with his own name, which instrument is false only in its statement of facts, for the purpose of defrauding the United States, constitute the 'falsely making' of a writing or instrument within the meaning of section 5418 of the Revised Statutes ?

"5. Is it necessary that an instrument 'falsely made,' purporting to be an affidavit, and actually, knowingly used for the purpose of defrauding the United States, contrary to the statute, should be sworn to before a person authorized to administer oaths for such purposes in order to constitute an offence under section 5418 Revised Statutes ?

"6. Is a notary public authorized to administer oaths and take and certify affidavits of the character and for the purposes for which the affidavit set out in the indictment is alleged to have been prepared or used ?"

Most of these are, by the settled doctrine of this court, insufficient to invoke its jurisdiction. They seem eminently liable to the objection that they are designed to split up the case before the court into fragments upon which, before a trial or decision by that court, it is intended to obtain the opinion of this court. There are none of them, except the last one we have mentioned, which present, in the manner that we have frequently pointed out, clear and distinct propositions of law to which this court can respond. *Fire Insurance Association* v. *Wickham*, 128 U. S. 426 ; *Dublin Township* v. *Milford Savings Institution*, 128 U. S. 510. But they require, if they should be answered at all, an examination of this very voluminous and loose statement of facts found in the indictment before an answer could be made, and even then there is no certainty that the answers would turn upon any difficulty existing in the minds of the court which framed them for our consideration.

It is apparent, however, that the question we have suggested, the last of the series of six, is a distinct and clear proposition of law, which may be necessary, and probably is essential, to a decision of the demurrer. It can hardly be supposed that a defendant indicted for perjury can be held to be guilty, unless the oath, in regard to which the perjury is charged, was taken

before an officer of some kind having due authority to administer the oath. We proceed, therefore, to inquire whether notaries public have authority to administer an oath, such as is required by the act of Congress, in the matter in regard to which the defendant was sworn. It is a little singular that there is no general statute designating any class of persons or officers who may in all cases administer the oaths required to be taken by the laws of the United States. There are many statutes regulating the administration of oaths in particular classes of cases, and specifying the person before whom the oath shall be made, but the persons are not always the same. These oaths can be taken in the cases pointed out by the law before the courts, judges of the courts, clerks of the courts, notaries public, commissioners of the Circuit Court, and various other officers, but in all these instances the class of cases in which the oath can be taken before such officer, or any of them, is defined. We have been unable to find any statute authorizing the oath required to be taken by Hall, in reference to the manner in which he had discharged his duties as deputy surveyor under the contract which is made part of the indictment, to be administered by a notary public.

In the case of *United States* v. *Curtis*, 107 U. S. 671, this court, after very careful examination of the statutes on the subject of the powers of notaries public to administer oaths, declared that no such general power existed, and that up to the act of February 26, 1881, c. 82, 21 Stat. 352, a notary public had no authority under any law of the United States to administer the oath to an officer of a national bank in the declaration or statement in a report required by § 5211 of the Revised Statutes. This examination, as found in the opinion of the court by Mr. Justice Harlan, seems to have been very thorough at the time the opinion was delivered in April, 1883. We are not now able to find any statute giving such authority to a notary public, in regard to the manner in which the oath was taken in the present case, nor any general authority to administer oaths under the laws of the United States.

A fair specimen of the manner in which Congress has dealt with the subject of oaths and affidavits, under its laws, may

be seen by reference to chapter 82 of the statutes of 1881, before mentioned. That act was undoubtedly passed to meet the difficulty which had occurred in the lower courts in the case of *United States* v. *Curtis,* where the question was raised whether or not the oath required to be taken by bank officers, in making their reports to the Comptroller of the Currency, could be taken before a notary public. This new statute on that subject reads as follows :

" That the oath or affirmation required by section fifty-two hundred and eleven of the Revised Statutes, verifying the returns made by national banks to the Comptroller of the Currency, when taken before a notary public properly authorized and commissioned by the State in which such notary resides and the bank is located, or any other officer having an official seal, authorized in such State to administer oaths, shall be a sufficient verification as contemplated by said section fifty-two hundred and eleven : *Provided,* That the officer administering the oath is not an officer of the bank."

The act limits itself exclusively to the case, then before the courts, of officers of national banks in regard to verifying the returns made by those banks to the Comptroller of the Currency, and it simply declares that it shall be sufficient if they are made before a notary public. The statutes are full of such partial and special enactments about notaries public, commissioners of the Circuit Courts, clerks of the courts and various others by whom oaths may be administered ; but there is no general definition ; and we have been unable to find, after a most careful and protracted examination, any statute which gives a general authority to any officer, or any person whatever, to administer oaths in all cases where, by the laws of the United States, they are required.

It is, therefore, certified to the Circuit Court that

*This question is answered in the negative.*