## UNITED STATES v. BENOWITZ.

(District Court, S. D. New York. October 20, 1919.)

INTERNAL REVENUE ⬡25—PERSONS AUTHORIZED TO ADMINISTER OATH TO INCOME TAX RETURN.

Under Income Tax Act Feb. 24, 1919, § 223 (Comp. St. Ann. Supp. 1919, § 6336⅛kk), and the regulations made thereunder, requiring income returns to be made under oath, such oath may be taken before any person authorized by the local law to administer oaths.

Criminal prosecution by the United States against Hyman Benowitz for perjury under Criminal Code, § 125 (Comp. St. § 10295). On demurrer to indictment. Overruled.

Francis G. Caffey, U. S. Atty., and Benjamin P. De Witt, Asst. U. S. Atty., both of New York City.

Abraham Levy and Mark Eisner, both of New York City, for defendant.

LEARNED HAND, District Judge. It must be conceded that since United States v. Curtis, 107 U. S. 671, 2 Sup. Ct. 501, 27 L. Ed. 534, and United States v. Hall, 131 U. S. 50, 9 Sup. Ct. 663, 33 L. Ed. 97, the crime charged in the first count must stand or fall solely upon whether section 406 of the regulations under the income tax law authorized commissioners of deeds to take oaths to income tax returns (United States v. Morehead, 243 U. S. 608, 37 Sup. Ct. 458, 61 L. Ed. 926), or perhaps whether under Mr. Justice Story's dictum in United States v. Bailey, 9 Pet. 238, 253, 257, 9 L. Ed. 113, the oath was taken before such an official "in conformity with the practice and usage of the Treasury Department."

Section 406 begins by the bare statement that all returns must be verified on oath, in that respect merely repealing the statute. Yet it very clearly intended—though it must be confessed, it is very blindly worded—to cover the whole matter, because it at once proceeds to particulars, providing that soldiers and sailors may take oaths before any one generally authorized to administer oaths to soldiers and sailors and that persons abroad may go to consular officers. It is, of course, absurd to suppose that the section taken as a whole meant to say that only such officers might administer oaths. If so, no one need, or indeed could, verify his return unless it were soldiers and sailors and persons abroad. This would repeal the statute in substance; indeed, such a regulation would be illegal.

Finally, the section concludes with a provision for the certification of oaths taken by "a foreign notary or other official having no seal." This, of course, directly implies that foreign notaries may take such oaths, and that there are also officials so authorized who have no seals other than they. It is perfectly apparent from this language that those who drafted the section must have supposed that the first sentence authorized some officers to take oaths, for the last sentence from which the question was taken would be without any conceivable meaning

if they did not, just as the second and third sentences, while logically possible, would be absurd and indeed invalid in law. If so, the only question is as to what officers the draftsmen of the section must have meant.

Much the most rational, and, so far as I can see, the only possible, interpretation is that they meant to include all such as were authorized by the local law to take oaths in their several districts. If I do not so interpret the language, I must suppose that the regulation which was meant to put the statute into effect illegally defeated it by applying it in a whimsically capricious way. I interpret the regulation, therefore, as intended to allow a commissioner of deeds, among other officials to take such an oath. It becames unnecessary, therefore, to consider the effect of Justice Story's dictum in United States v. Bailey, supra.

The second count is concededly good, if the first is.

Demurrer overruled.