## HILLIARD v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
February 7, 1928.

No. 4995.

1. Perjury ⚖=22, 26(1)—Indictment for perjury should show before whom oath was taken, officer's authority, and that matters sworn to were false (18 USCA § 558).

In charging perjury, it is necessary, under Rev. St. 5396 (18 USCA § 558), to set forth the substance of the offense, to show before whom the oath was taken, and to allege that officer taking it had authority to administer it and that matter sworn to was false.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Perjury.]

2. Perjury ⚖=26(2)—Conviction for perjury is not sustained, unless indictment clearly sets forth wherein defendant has sworn falsely.

Indictment for perjury must clearly set forth wherein defendant has sworn falsely, as false swearing is the gist of the offense, and an essential element to support conviction, and an indictment which does not set forth substance of the offense will not sustain a verdict of guilty.

3. Perjury ⚖=26(2)—Indictment for perjury, alleging that defendant "knew * * * answer given to the questions propounded * * * were false, in this, * * * that he * * * did sign an affidavit," held not to state offense (18 USCA § 558).

Indictment for perjury, alleging that at the time defendant was testifying he "knew that the answer given to the questions propounded to him * * * were false and untrue, in this, to wit, that he * * * did sign an affidavit," and setting out affidavit, held insufficient to charge offense, under Rev. St. 5396 (18 USCA § 558), for failure to show wherein testimony given was false.

In Error to the District Court of the United States for the Southern District of Florida; William I. Grubb, Judge.

Roy G. Hilliard was convicted of perjury, and he brings error. Reversed.

Frank Clark and Frank Clark, Jr., both of Miami, Fla., for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, hereafter called defendant, was convicted of perjury after the overruling of a demurrer to the indictment, to which action of the court error is assigned.

The indictment is inartificially drawn. After the jurisdictional and other formal allegations, which show that defendant was a witness on the trial of certain named persons, the indictment quotes some 20-odd questions and answers, forming part of defendant's testimony, and then follows this allegation as to the falsity of the testimony:

"That at the time aforesaid, when he, the said Roy G. Hilliard, * * * was testifying, he then and there well knew that the answers given to the questions propounded to him as aforesaid were false and untrue in this, to wit, that he, the said Roy G. Hilliard, * * * on the 13th day of March, 1923,

did sign an affidavit in words and figures following, to wit."

What purports to be an affidavit in hæc verba, which takes up over three pages of the printed transcript, is set out, but, aside from the above, there is nothing in the indictment to show wherein the testimony is false. There are some statements in the affidavit that might be construed as contradicting a part of the testimony, but nothing specifically doing so, and it does not appear from the testimony that defendant denied making the affidavit as a whole. It is not averred that the affidavit is either true or false.

[1, 2] In charging perjury it is sufficient, but it is also necessary, to set forth the substance of the offense, and to show before whom the oath was taken, with the averment that the officer taking it had authority to administer it, together with the proper averment to falsify the matter whereon the perjury is assigned. R. S. § 5396 (18 USCA § 558). An indictment for perjury, which does not set forth the substance of the offense, will not sustain a verdict of guilty. Markham v. United States, 160 U. S. 319, 16 S. Ct. 288, 40 L. Ed. 441. It is essential, in charging perjury, that the indictment shall clearly set out wherein the witness has sworn falsely, and this is of the gist of the offense and an essential element to support a conviction. If the pleader sets out contradictory oaths, it is also essential to show which is true and which is false. Bishop's New Criminal Procedure, par. 918.

[3] The allegations of the indictment are sufficient, perhaps, to show that an oath was taken before the clerk by the defendant, as a witness in the District Court, and that some of the testimony given by him was material; but the indictment falls short of showing wherein the testimony alleged to have been given is false, and it is insufficient to charge an offense. The demurrer was improperly overruled. For that error the judgment must be reversed. It is unnecessary to consider the other errors assigned.

Reversed.