**UNITED STATES v. CREECH.**

No. 59858.

District Court of the United States for the District of Columbia.

Nov. 10, 1937.

Leslie C. Garnett, U. S. Dist. Atty., and David A. Pine, Asst. U. S. Dist. Atty., both of Washington, D. C.

William E. Leahy, James F. Reilly and William J. Hughes, Jr., all of Washington, D. C., for defendant.

COX, Justice.

The indictment charges the defendant with perjury (violation of Cr.Code § 125, 18 U.S.C.A. § 231) while giving testimony before a subcommittee of the Committee on Education and Labor of the United States Senate in the course of an inves-

tigation being made pursuant to a resolution of the Senate (No. 266).

The Senate resolution, set out in the indictment, directs "an investigation of violations of the rights of free speech and assembly and undue interference with the right of labor to organize and bargain collectively," and a report of the results thereof with "recommendation for the enactment of any remedial legislation" deemed necessary.

The indictment alleges that one Richard C. Tackett appeared before the subcommittee, in session in the District of Columbia conducting the investigation, and gave testimony pertinent and material to the investigation, viz., that he and others had been employed by an association of coal mine operators and owners in Harlan county, Ky., to violate the right of free speech and assembly and to interfere with the right of labor to organize and bargain collectively, and did assault and intimidate employees and representatives of the United Mine Workers and other labor organizations; that thereafter, on the 16th day of April, 1937, during the noon recess of the subcommittee, the said Tackett and the defendant engaged in a conversation in the corridor of the Senate Office Building; and that, when the subcommittee reconvened thereafter on the afternoon of the same day, the defendant appeared as a witness and, under oath, falsely did testify, declare, and state to said subcommittee that Tackett, in his conversation with the defendant at the noon recess, had told the defendant, "he came up here and got drunk and made a statement here and did not know just what he was talking about when he made that statement," meaning that he (Tackett) had come to Washington and had gotten drunk, and at the time he testified and made his statement to the subcommittee did not know just what he was talking about; whereas in truth and in fact Tackett had not told him, on the occasion of the conversation, that he had come to Washington and gotten drunk, or that at the time he testified he did not know what he was talking about; that the testimony the defendant so gave was pertinent and material to the investigation, and was false, and that the defendant, when he gave it, did not believe it to be true.

 Omitting discussion in detail of the various objections to the indictment urged on the argument of the demurrer, it is concluded that the indictment sufficiently shows:

(a) *The nature of the investigation being made and the steps taken in pursuance of the Senate resolution.* The subcommittee was proceeding in accordance with the resolution, and the investigation being made was one which the Senate had the right to make under its broad powers to ascertain facts and conditions as a basis for remedial legislation. McGrain v. Daugherty, 273 U.S. 135, 174, 175, 47 S. Ct. 319, 328, 329, 71 L.Ed. 580, 50 A.L. R. 1; Virginian Railway Co. v. System Federation No. 40, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789; U. S. v. Norris, 300 U. S. 564, 572, 57 S.Ct. 535, 538, 81 L.Ed. 808.

██ ██ (b) *The time, place, circumstances, and nature of the alleged false testimony given by the defendant.* The defendant is fully apprised of the exact charge he has to meet and in sufficient detail to protect him from another prosecution on the same charge, as required under the rule of United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588.

██ (c) *The falsity of the alleged perjured testimony.* It is alleged that the defendant did falsely testify to the statement set out in the indictment; that the statement testified to was false, the respects in which the statement was false being specified; and that at the time the defendant gave the statement he did not believe it to be true. These allegations comply, it would seem, with the rule approved in such cases as U. S. v. Otto (C.C.A.) 54 F.2d 277, 278, and Hilliard v. U. S. (C.C.A.) 24 F.2d 99.

██ ██ (d) *The materiality of the alleged perjured statement to the investigation authorized by the Senate.* The defendant's statement to the subcommittee is alleged to be material to the investigation; and from the facts alleged it seems clear that the statement was a direct attack upon the credibility and trustworthiness of material testimony previously given by Tackett. Such an attack upon the credibility of material testimony is considered pertinent and material as tending to impede or influence the course of the investigation. Carroll v. U. S. (C.C.A.) 16 F.(2d) 951, 953, U. S. v. Slutzky (C.C.A.) 79 F.2d 504, 505, Claiborne v. U. S. (C.C.A.) 77 F.2d 682, 689, 690, U. S. v. Seymour (D.C.) 50 F.2d 930, 940.

The demurrer is overruled.