## UNITED STATES v. STARKS.

District Court, S. D. New York.

Aug. 20, 1946.

Nathan April, of New York City, for defendant, for the motion.

John F. X. McGohey, U. S. Atty., and Joseph P. Giaimo, Asst. U. S. Atty., both of New York City, opposed.

HOLTZOFF, Justice, District Court of U. S. for District of Columbia, sitting by designation.

Assuming that at common law an indictment for forgery had to set out in haec verba the document charged to have been forged,* it is the view of this Court that this requirement no longer prevails under the new Federal Rules of Criminal Procedure. Rule 7(c) provides that the indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. The rule also contains the following provision:

"It"—meaning the indictment—"need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement."

It is the view of this Court that this indictment complies with the requirement that it must be a plain, concise and definite written statement of the facts constituting the offense charged. There are two tests that an indictment must meet: First, it must apprise the defendant of the specific offense with which he is charged. This indictment clearly meets that test. The second test is that the indictment must be sufficiently definite in order that if the defendant is later charged with the same offense he will be in a position to interpose a plea of double jeopardy. The Court feels that this indictment also complies with this test.

It is no longer necessary to comply with any technical requirements with which the common law was replete in respect to the contents of an indictment. It must be borne in mind that these archaic standards of the common law originated in an era when practically every felony was punishable by death and the courts devised them as a means of avoiding the necessity of imposing death sentences. These technicalities have long been outmoded. They are no longer the law in the Federal courts. The Court will deny the motion.

---

* See United States v. Heinze, C.C., 161 F. 425, 428, and United States v. French, C.C., 57 F. 382, 388.