## UNITED STATES v. BICKFORD.
### No. 11801.

Circuit Court of Appeals, Ninth Circuit.
May 11, 1948.

John B. Tansil, U. S. Atty., of Billings, Mont., and Harlow Pease and Emmett C. Angland, Asst. U. S. Attys., both of Butte, Mont., for appellant.

Harrison J. Freebourn, of Butte, Mont., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from an order dismissing a criminal proceeding for insufficiency of the indictment to state a public offense.

The indictment undertook to charge the crime of perjury as defined in § 125 of the

Criminal Code, 18 U.S.C.A. § 231. The language of the charge needful to be considered is as follows: "The defendant Mina Bickford, on or about October 22, 1945, at Butte, in the District of Montana and within the jurisdiction of this court, in the District Court of the United States for the District of Montana then and there engaged in the trial of a criminal cause entitled 'United States of America vs. Charles Howard Downey' wherein said Downey was charged with the crime of violation of the White Slave Traffic Act, [18 U.S.C.A. § 397 et seq.], after having taken an oath as a witness before the said District Court which was administered by the Clerk of said Court that she would testify truly, did wilfully, corruptly, falsely and feloniously and contrary to said oath testify to certain matters which were material to the issues of the cause then on trial, to-wit:" Then follows a detailed statement of the particulars of the alleged false swearing.

The ruling below was predicated on 18 U.S.C.A. § 558, which reads: "In every presentment or indictment prosecuted against any person for perjury, it shall be sufficient to set forth the substance of the offense charged upon the defendant, and by what court, and before whom the oath was taken, averring such court or person to have competent authority to administer the same, together with the proper averment to falsify the matter wherein the perjury is assigned, without setting forth the bill, answer, information, indictment, declaration, or any part of any record or proceeding, either in law or equity, or any affidavit, deposition, or certificate, other than as hereinbefore stated, and without setting forth the commission or authority of the court or person before whom the perjury was committed."[1] The court held the indictment fatally defective

because it did not directly aver that the officer administering the oath had competent authority to administer the same.

We think the ruling was error. The statute, assuming it to be presently controlling, does not prescribe the precise language in which the averment of authority is to be couched. The requirement would seem to be substantially satisfied if the conclusion necessarily follows from the averments made that the officer administering the oath was in fact possessed of the requisite authority. Authority in this instance was implicit in the facts pleaded,[2] and there was no need to spell it out further. The court takes judicial notice of the powers of its clerk.

But in any event, the statute, insofar as it may be thought to conflict with the recently adopted Federal Rules of Criminal Procedure, must be regarded as having been superseded by the rules.[3] Rule 7(c), 18 U.S.C.A. following section 687, relating to indictments generally, provides that "the indictment or the information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. * * * It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. * * *"

The criminal rules were designed to simplify existing procedure and to eliminate outmoded technicalities of centuries gone by.[4] Certainly Rule 7(c) was not intended to be less liberal than is the modern practice of the federal courts to consider the adequacy of indictments on the basis of practical as opposed to technical considerations. It has long been settled in the federal jurisdiction that an indictment is good if (1) it states facts sufficient to inform the defendant of the

---

[1] The section is taken from the Act of April 30, 1790, C. 9, § 19, 1 Stat. 116.

[2] Consult 28 U.S.C.A. § 525. With exceptions irrelevant here, this statute vests all clerks and deputy clerks of the United States courts with authority to administer oaths.

[3] See Act of June 29, 1940, 18 U.S.C.A. § 687. The Act provides that on promulgation of the rules all laws in conflict therewith shall be of no further force or effect.

[4] See "Reform of Federal Criminal Procedure," by Judge Alexander Holtzoff, Secretary of the Advisory Committee on the Rules, published in 3 F.R.D. 445 and in 12 George Washington Law Review 119. Cf. also, United States v. Martinez, D.C., 73 F.Supp. 403.

28

offense with which he is charged, and (2) if its averments be sufficiently certain to safeguard the accused from a second prosecution for the same act. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Hopper v. United States, 9 Cir., 142 F.2d 181. As observed in Hagner v. United States, supra, at page 433 of 285 U.S., at page 420 of 52 S.Ct., "it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment." Measured by these standards, the sufficiency of the indictment before us is not open to debate. Moreover it contains the essential elements of perjury as that crime is defined in § 125 of the Criminal Code.

Reversed.