**UNITED STATES v. MUELLER et al.**

No. 12676.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1949.

Rehearing Denied Jan. 17, 1950.

Henry W. Moursund, United States Attorney, San Antonio, Texas, Wm. H. Russell, Jr., Asst. United States Attorney, San Antonio, Texas, Joel W. Westbrook, Asst. United States Attorney, San Antonio, Texas, for appellant.

Ben F. Foster, San Antonio, Texas, Louis W. Schlesinger, San Antonio, Texas, for appellees.

Before HUTCHESON, HOLMES, and RUSSELL, Circuit Judges.

594

HOLMES, Circuit Judge.

The defendants in this case were charged by indictment with a violation of Section 1593(b) of Title 19 U.S.C.A.,[1] in that they facilitated the transportation of a quantity of lottery tickets that had been imported from Mexico into the United States. The court below, after having heard and considered the motion and argument of counsel, granted the appellees' motion for dismissal on the ground that the indictment should have been brought under Section 387, Title 18 U.S.C.A.,[2] which specifically deals with lottery tickets; and the court further held that even if the indictment could be deemed to have been properly brought under Section 1593(b), Title 19 U.S.C.A. it was insufficient because it did not charge that the defendants fraudulently or knowingly facilitated the transportation of such lottery tickets.

■ This court is called on first to decide whether or not the Congress intended to withdraw lottery tickets from the general term merchandise as found in 19 U.S.C.A. § 1593(b), when it enacted 18 U.S.C.A. § 387, which deals with the importation and interstate carriage of lottery tickets. The lower court found that such legislative intent was manifested by the latter act, and we think it was correct in so holding.

■ The enactment of 18 U.S.C.A. § 387, together with subsequent reenactments thereof, convinces us that Congress intended to deal specifically with the subject of lotteries and lottery tickets and not to leave it to be dealt with under the more general provisions of the Tariff Act, as appellant contends. Conceding, without deciding, that lottery tickets are merchandise, they are such only in a limited sense. In a general sense, they are more in the nature of choses in action, being in some respects memoranda of conditional promises to pay; but it is not unusual for Congress to make provision for certain matters to be dealt with specifically, because in Palmero v. United States, 1 Cir., 112 F.2d 922, the court held that the word merchandise, as used in 19 U.S.C.A. § 1593(b), relating to the bringing of merchandise into the United States contrary to law, did not include the bringing in of opium, which was dealt with by another statute. The present case is analogous to the case cited, and seems to be governed by the same principle.

■ By enacting 18 U.S.C.A. § 387, Congress provided a penalty that is less severe than the penalty provided in 19 U.S.C.A. § 1593(b). Under the former act, one may be fined not more than $1000 or imprisoned not more than two years, or both, for a violation thereof, while under the latter act, 19 U.S.C.A. § 1593(b), the sentence may be a fine as high as $5000 or imprisonment of not more than two years, or both. In construing penal statutes of this nature, later enactments should be taken into consideration, especially if the latter cover practically the same subject as the former one, and fix a penalty less severe, as in this case.

■ Even if it be conceded that appellant could base its prosecution on 19 U.S.C.A. § 1593(b), its appeal must fail, because the indictment does not allege bad motive on the part of the defendants. It simply alleges that the appellees jointly and severally facilitated the transportation of lottery tickets, knowing that they had been brought into the United States contrary to law. This is not enough to include every essential element of the offense; it should have been alleged that the appellees knowingly and fraudulently facilitated the transportation of such tickets. The gravamen of the offense under said section 1593(b) is bad motive in facilitating the transportation of lottery tickets, coupled with the knowledge of prior unlawful importation. Ordinarily, an allegation that an act is unlawfully, willfully, or knowingly done imparts not only knowledge of the thing done but also an evil intent or bad purpose. The omission of both words, fraudulently and knowingly, was a fatal defect in the indictment.

The judgment appealed from is Affirmed.

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 545.

2. 1948 Revised Criminal Code, 18 U.S.C.A. § 1301.