**UNITED STATES v. WILLIAMS et al.**

No. 14166.

United States Court of Appeals,
Fifth Circuit.

March 26, 1953.

Bradford F. Miller, Asst. U. S. Atty., and Charles F. Herring, U. S. Atty., San Antonio, Tex., for appellant.

Archie S. Brown, Leonard Brown and Louis W. Schlesinger, San Antonio, Tex., H. M. Bellinger, San Antonio, Tex., for appellee Noral Williams.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The indictment in this case was in three counts. After a verdict of not guilty upon the first count had been returned by the jury, and of guilty upon the two remaining counts, the court below granted the appellees' motion in arrest of judgment on the second and third counts, and dismissed the indictment as to said two counts on the ground that neither of them stated an offense against the United States.

The second count charged that the appellees facilitated the transportation of certain merchandise, to-wit, "140 pounds of marihuana which they then knew had been imported into the United States contrary to law"; the third count charged them with receiving and concealing the same merchandise "which they then knew had been imported into the United States contrary to law"; neither count expressly alleged that the defendants "fraudulently or knowingly" facilitated, received, or concealed said merchandise.

■ The defendants pled not guilty to all three counts, and went to trial upon the issues joined by their pleas of not guilty. After their acquittal upon the first count and conviction upon the second and third counts, they for the first time objected to the sufficiency of counts two and three, the point being raised by their motion in arrest of judgment. Even if the indictment was fatally defective for failure directly and expressly to allege scienter or fraud on the part of the appellees, we think that such defect or omission was waived by the accused under Rule 12(b) (2) and (3) of the Federal Rules of Criminal Procedure, 18 U.S.C.

■ The transcript of the record contains none of the evidence that was before the jury. The charge of the court is not before us, and there is no bill of exceptions to anything prejudicial to the defendants that happened upon the trial. The indictment, the verdict of the jury, the motion in arrest of judgment, the order sustaining the motion, and the dismissal of the last two counts, constitute the pertinent parts of the record on appeal. Therefore the sufficiency of the indictment after verdict is the only issue presented. All other matters are presumed to have been done correctly.

■ While the indictment does not expressly allege fraud or knowledge in doing the things charged therein, it alleges that the defendants received, concealed, and transported 140 pounds of marihuana, which they then knew had been imported into the United States contrary to law. The necessary implication from this allegation is that they knowingly did these things, which reduces the issue before us to whether, under the Sixth Amendment, an accused may waive a fatal defect in an indictment that consists of alleging by implication an essential element of a crime which good pleading requires should be expressly and directly alleged. Ordinarily, an omission or imperfection in a pleading, which would have been fatal upon timely objection, may be cured by the verdict if the issue joined by the plea be such as necessarily required on the trial proof of the fact omitted or defectively stated, and without which it may not be presumed that the jury would have given the verdict. 21 R.C.L., Sec. 157, pages 615, 616.

■ The appellees argue that any officer who seized the smuggled articles, or facilitated its transportation into the court room, would come within the language of the indictment in the case at bar, but this argument disregards the statutory presumption of guilt arising from the mere possession of marihuana and the specific exemption of an officer who handles it in his official capacity. 18 U.S.C. § 545; 26 U.S.C. §§ 2593 (a, b) and 2597. Thus instead of a presumption of guilt arising from the possession of any such narcotic drug, which is applicable to the appellees, we have an express statutory exoneration from guilt, which is applicable to an officer receiving or transporting it in his official capacity.

■ We have no doubt that the appellees, by the language of the indictment before us, were fully and unequivocally informed by necessary implication that they were charged with knowingly committing the acts expressly stated therein. The indictment described the overt acts that constituted the substantive offenses, leaving to

714

implication only the intent, motive, or scienter, that actuated their conduct. They knew their purpose better than anyone else, and when they were informed by the indictment that they were being charged with receiving, concealing, and facilitating the transportation of, 140 pounds of marihuana, "which they then knew had been imported into the United States contrary to law," they were necessarily informed that they were charged with knowingly doing the things mentioned.

We conclude that the offenses in this indictment were sufficiently described to enable the appellees to prepare their defense on the trial below, and to plead former jeopardy successfully if brought to trial again for the same offenses. This is all that is required by the Sixth Amendment. The Federal Rules of Criminal Procedure altered and liberalized the forms but did not abolish the substance of good pleading. The substance of pleading to some extent is an element of due process.

The specific point here decided was not presented in the Mueller case or necessary to that decision. United States v. Mueller, 5 Cir., 178 F.2d 593.

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.