**UNITED STATES v. DEBROW.**

**UNITED STATES v. WILKINSON.**

**UNITED STATES v. BRASHIER.**

**UNITED STATES v. ROGERS.**

**UNITED STATES v. JACKSON.**

Nos. 14087, 14088, 14089, 14090 and 14091.

United States Court of Appeals,
Fifth Circuit.

April 10, 1953.

Writ of Certiorari Granted June 15, 1953.
See 73 S.Ct. 1134.

Ben Brooks, Special Asst. to Atty. Gen., Joseph E. Brown, U. S. Atty., Jackson, Miss., James M. McInerney, Asst. Atty. Gen., Robert E. Hauberg, Asst. U. S. Atty., Jackson, Miss., Felicia H. Dubrovsky, Atty., Department of Justice, Washington, D. C., for appellant.

No. 14087:

Ben F. Cameron, Meridian, Miss., E. B. Todd, Jackson, Miss., for Henry Debrow.

No. 14088:

Ben F. Cameron, Meridian, Miss., Allan T. Edwards, Jackson, Miss., for James H. Wilkinson.

No. 14089:

Ben F. Cameron, Meridian, Miss., J. Ed. Franklin, Jackson, Miss., for Roy F. Brashier.

No. 14090:

Ben F. Cameron, Meridian, Miss., Bidwell Adam, Gulfport, Miss., Albert Sidney Johnston, Jr., Biloxi, Miss., for Curtis Rogers.

No. 14091:

Ben F. Cameron, Meridian, Miss., J. Will Young and Will S. Wells, Jackson, Miss., for Forrest B. Jackson.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

BORAH, Circuit Judge.

These five appeals are in separate but common cases in each of which the District Court sustained a motion to dismiss the indictment for reason of its failure to set forth all of the essential elements of the crime of perjury charged. They will be covered by one opinion as they have most matters in common.

On July 19, 1951, separate indictments were returned against each of the appellees in the United States District Court for the Southern District of Mississippi. Each indictment charged that "the defendant * * * having taken an oath before a competent tribunal, to wit: a subcommittee of the Senate Committee on Expenditures in the Executive Departments * * * that he would testify truly, did unlawfully, knowingly and willfully, and contrary to said oath, state a material matter which he did not believe to be true, * * *" in violation of 18 U.S.C. § 1621. Section 1621 provides in pertinent part:

"Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, * * *."

Prior to trial each of the appellees filed a separate motion to dismiss the indictment in which he was charged on the grounds, *inter alia*, that "said indictment fails to state an offense under § 1621, * * * or any other laws of the United States," and that said indictment "does not allege the essential elements of the crime of perjury, and does not allege essential and sufficient facts to support a verdict of guilty, and does not allege elements of the offense sufficiently to advise defendants in his defense." The motions came on for hearing and the District Court in an unreported opinion covering the five cases dismissed the indictments on the single and common ground that they failed to state all of the essential elements of a perjury charge in that the indictments did not set out who administered the oaths alleged by conclusion in the indictments and by what authority such person acted in the administration of such oath. Judgments of dismissal were entered in each case and the Government has appealed.

In concluding that the indictments should be dismissed the District Court relied in great measure on Hilliard v. U. S., 5 Cir., 24 F.2d 99, 100, wherein this guiding principal was announced: "In charging perjury

it is *sufficient*, but it is also *necessary*, to set forth the substance of the offense, and to *show before whom the oath was taken, with the averment that the officer taking it had authority to administer it*". (Emphasis supplied.) The Government seeks to avoid the impact of this language by arguing, (1) that this pronouncement is *dicta;* (2) that the language merely embodied the substance of R.S. 5396, 18 U.S.C. § 558, and no more supports the result reached than does this statute which was expressly repealed by Congress, 62 Stat. 862; 80 Cong., 2d Sess., c. 645, June 25, 1948; and finally (3) that the Hilliard case did not announce a principle of law which may be considered presently applicable under Rule 7(c) Federal Rules of Criminal Procedure. None of these contentions are sound.

In the Hilliard case the indictment set forth not only that the defendant took an oath before the District Court; it averred further that the oath was administered in open court by Edwin R. Williams, "the duly appointed and constituted clerk of the said court." The indictment was attacked on the ground, among others that it did not show that the defendant was properly sworn. In rejecting this contention that the charge was inadequate the court did so because the indictment contained the essential averment of the name of the person administering the oath and that this person was the duly appointed clerk of court.

The case of United States v. Bickford, 9 Cir., 168 F.2d 26, upon which appellant relies does not militate in the slightest against the holding in the Hilliard case that it was necessary to the validity of the indictment that it specify the name and authority of the person who administered the oath. It decided only that where as in that case, the indictment informed the defendant that the oath was administered by the clerk of court, that it was sufficient because it was implicit from the facts pleaded [1] that the officer administering the oath was in fact possessed of the requisite authority, and there was no need to spell it out further as the averments made substantially satisfied the requirement

of 18 U.S.C. § 558 which does not prescribe the precise language in which the averment of authority is to be couched.

It is true that this court in the Hilliard case did consider the question there presented in the light of R.S. 5396, 18 U.S.C. § 558, and because this statute was expressly repealed prior to the return of the present indictments the argument is made that the decision in this case did not announce a principle of law presently applicable under Rule 7(c) Federal Rules of Criminal Procedure. This old statute now repealed served a useful purpose. It was passed to eliminate many of the requirements of a perjury indictment which were considered too exacting by providing that indictments may dispense with the recital of specified records and proceedings that were at common law often held to be necessary parts of the indictment. Markham v. United States, 160 U.S. 319, 16 S.Ct. 288, 40 L. Ed. 441. But despite its minimum requirements this statute plainly required that the indictment should "set forth the substance of the offense charged upon the defendant, * * * and by what court, and before whom the oath was taken, averring such court or person to have competent authority to administer the same * * *." It may not therefore be rightly said that its repeal destroyed the requirements which form the basis of the Hilliard decision. But regardless of this statute and its repeal it still remains a fundamental requirement that every essential element of the crime sought to be charged must be stated in the indictment and so stated that the defendant from the allegation of the indictment may understand what he is called upon to defend. This the Sixth Amendment of the federal constitution requires.

Rule 7(c), 18 U.S.C., relating to indictments generally, provides that "the indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." This Rule like its forerunner, R.S.5396, is designed to simplify indictments by eliminating unnecessary phra-

1. 28 U.S.C. § 525 [now § 953], vests all clerks and their deputies with authority to administer oaths.

seology which needlessly burdened many indictments under the former practice. It does not and it was never intended that this rule should alter or modify the fundamental functions and requirements of indictments. Every ingredient or essential element of the offense sought to be charged must still be alleged in the indictment. Wilson v. U. S., 5 Cir., 158 F.2d 659, certiorari denied 330 U.S. 850, 67 S.Ct. 1095, 91 L.Ed. 1294.

The fact that strict requirements and formalities of criminal pleadings under the common law rules have been modified by modern practice and rules does not justify omission of matters of substance from allegations of an indictment. It has long been settled in the federal courts that an indictment in the language of the statute is ordinarily sufficient. But where the statute itself omits an essential element of the offense or includes it only by implication the indictment must descend to particulars and charge every constituent ingredient of which the crime is composed. If the indictment sets forth every material fact necessary to inform the defendant with reasonable certainty of the nature and cause of the accusation against him so as to enable him to make his defense, and avail himself of his conviction or acquittal for protection against another prosecution for the same offense, it is sufficient.

The indictments under review do not allege an offense in the words of the statute although they do refer to the applicable statute. These indictments do not attempt to charge the name of the officer or the person whom the Senate subcommittee

called upon to administer the oath. They inform defendants only that the oath was taken before a competent tribunal, a subcommittee of the Senate Committee on Expenditures, etc. Rule 7(c) requires that an indictment shall contain a *definite* written statement of the *essential facts,* constituting the offense charged and the paramount provisions of the Sixth Amendment are "that in all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation." We think that it is essential to inform the accused by whom it is charged that he was sworn, either by disclosing the name of the person administering the oath, or his official capacity, and that he was in fact possessed of the requisite authority. These are matters of substance which affect the substantial rights of the accused. It is apparent to us as it was to the Supreme Court[2] that there can be no conviction of perjury "unless the oath, in regard to which the perjury is charged, was taken before an officer of some kind having due authority to administer the oath." And to borrow language of Judge Hutcheson in Grimsley v. United States, 5 Cir., 50 F.2d 509, 511: "as an indictment without proof cannot support a conviction, so proof without indictment cannot." There is hardly need to say more.

The judgments are, and each of them is, affirmed.

RIVES, Circuit Judge, dissenting.

Count I of the indictment against Henry Debrow set out in the footnote[1] is typical

---

2. United States v. Hall, 131 U.S. 50, 9 S.Ct. 663, 664, 33 L.Ed. 97.

1. "THE GRAND JURY CHARGES:
"1. That on or about the 9th day of April, 1951, at Jackson, and within the Southern District of Mississippi,
HENRY DEBROW,
the defendant herein, having duly taken an oath before a competent tribunal, to wit: a subcommittee of the Senate Committee on Expenditures in the Executive Departments known as the Subcommittee on Investigations, a duly created and authorized subcommittee of the United States Senate conducting official hearings in the Southern District

of Mississippi, and inquiring in a matter then and there pending before the said subcommittee in which a law of the United States authorizes that an oath be administered, that he would testify truly, did unlawfully, knowingly and wilfully, and contrary to said oath, state a material matter which he did not believe to be true, that is to say:
"2. That at the time and place aforesaid, the said Senate Subcommittee inquiring as aforesaid was conducting a study and investigation of whether applicants for appointments to offices and places under the government of the United States had been and were being solicited and required by numerous per-

of the indictments in these five cases. All five are dismissed on the single and common ground that the name and the authority of the person who administered the oath are essential elements of perjury and should be stated in the indictments.

With deference, I submit that the holding is extremely technical and is contrary to the letter and spirit of the pertinent Federal Rules of Criminal Procedure.[2]

Section 5396, Revised Statutes, Old 18 U.S.C.A. 558, under which Hilliard v. United States, 5 Cir., 24 F.2d 99, was decided, has been repealed. 62 Stat. 862; 80th Congress 2nd. Session c. 645, June 25, 1948. It had been replaced by the new rules and particularly by Rule 7(c).

If the indictment (see footnote 1, supra) is compared with the statute (substantially copied in main opinion), it will be seen that the indictment contains not merely the language of the statute but considerably more, and that was proper.[3]

It may be true that the language, "having duly taken an oath before a competent tribunal * * *" states a conclusion, while Rule 7(c) requires a "statement of the essential *facts* constituting the offense charged * * *", but it seems to me that the real inquiry lies in the meaning of word "essential" in that rule.

The roots of the principle that "essential facts" must be stated in the indictment are imbedded in the Constitution, Amendments V and VI. A bill of particulars cannot be used to cure an indictment fatally defective, Jarl v. United States, 8 Cir., 19 F.2d 891, 894, cf. Williams v. United States, 5 Cir., 164 F.2d 302, but it may be employed to discover all pertinent details, everything but the "essential facts". Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 40 L. Ed. 606.

What facts then are "essential"? Is the present rule, as the majority holds, that "the indictment must descend to particulars

---

sons within the State of Mississippi to make political contributions and donations as a condition precedent to receiving such appointments, and as a consideration in return for promises to use their support and influence in obtaining said offices and places for applicants seeking appointment thereto; and to determine whether the laws of the United States had been violated in connection with and as a result of such activities, the identity of any such person engaged therein, and the extent to which such improper and corrupt activities affected the operation of departments and agencies of the United States.

"3. That at the time and place aforesaid the defendant

HENRY DEBROW

duly appearing as a witness before the Senate Subcommittee and then and there being under oath as aforesaid, testified falsely before said Subcommittee with respect to the aforesaid material matter as follows:

"SENATOR HOEY: Go ahead and state just what that situation was.

"MR. DEBROW: * * * On the way up Professor Hill said to me, 'Mr. Debrow, you knowing these fellows, I would like to make a thousand dollar contribution. Would you make it for me?' I said, 'Providing you are present, I will be glad to.'

"4. That the aforesaid testimony of the defendant, as he then and there well knew and believed was untrue in that on the way up to the Century Building, at Jackson, Mississippi, to see the members of the Mississippi Democratic Committee, Professor Hill did not state to the defendant that he would like to make a thousand dollar contribution to the Committee and requested the defendant to make the contribution for him. (Sec. 1621, Title 18, U.S.C.)"

2. "Rule 2.

"These rules are intended to provide for the *just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.*"

"Rule 7(c)

"The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *"

"Rule 52(a)

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

3. "There is only one exception to the rule that an indictment in the language of the statute is sufficient. The exception applies where the words of the statut♦

and charge every constituent ingredient of which the crime is composed"? If so, we are still enmeshed in the technicalities of common law pleading, and the new rules have failed of their purpose, see Holtzoff, Reform of Federal Criminal Procedure, 3 F.R.D. 445, 448–449. It seems to me that the "essential facts" required to be stated in the indictment do not include all of the details necessary to be proved by the Government, but only such facts as will meet the requirement of the Sixth Amendment that "In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation; * * *."

"A defendant is informed of the nature and cause of the accusation against him if the indictment contains such description of the offense charged as will enable him to make his defense, and to plead the judgment in bar of any further prosecution for the same crime." Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 435, 40 L.Ed. 606.

See also Bartell v. United States, 227 U.S. 427, 431, 33 S.Ct. 383, 57 L.Ed. 583.

In United States v. Starks, D.C.S.D. N.Y., 6 F.R.D. 43, Judge Holtzoff stated the present test as to the sufficiency of an indictment as follows:

"There are two tests that an indictment must meet: First, it must apprise the defendant of the specific offense with which he is charged. * * * The second test is that the indictment must be sufficiently definite in order that if the defendant is later charged with the same offense he will be in a position to interpose a plea of double jeopardy."

It seems to me that a long line of decisions of this Court[4] culminating in United States

v. Williams, 5 Cir., 202 F.2d 712, have established the principle that under the new rules an indictment which meets the requirements of the Sixth Amendment is sufficient.

When that test is applied to these indictments, it seems too clear for argument that each defendant was informed of the cause and nature of the offense with which he was charged so that he could properly prepare his defense, and if trial ensued and an attempt were thereafter made to try him again on the same charge, he could successfully interpose a plea of former jeopardy. The indictment charges, in accordance with one of the alternative provisions of the statute, 18 U.S.C.A. § 1621, that the oath was taken "before a competent tribunal". Further, it charges that the oath was "duly" taken (a fact not noted by my brothers). The Supreme Court has said that, "The word 'duly' means, in a proper way, or regularly, or according to law." Robertson v. Perkins, 129 U.S. 233, 236, 9 S.Ct. 279, 280, 32 L.Ed. 686; followed in Zechiel v. Firemen's Fund Insurance Co., 7 Cir., 61 F.2d 27. "Duly sworn" means a swearing according to law. 13 Words & Phrases, p. 627. The name and authority[5] of the officer who administered the oath are details which are matters of proof on the trial. So far as authority is concerned, any United States Senator, a member of the subcommittee, had authority to administer oaths to witnesses, 2 U.S.C.A. § 191; Sinclair v. United States, 279 U.S. 263, 291, 49 S.Ct. 268, 73 L.Ed. 692. Under the holding in United States v. Bickford, 9 Cir., 168 F.2d 26, the sufficiency of an averment that, "the oath was administered by some Senator, a member of the subcommittee", without naming him, could not be debated. The word "duly" carried that same meaning. In all probability, the defendants knew

---

do not contain all the essential elements of the offense". Norris v. United States, 5 Cir., 152 F.2d 808, 810. See also Sutton v. United States, 5 Cir., 157 F.2d 661, 663.

4. Among others see Norris v. United States, 5 Cir., 152 F.2d 808, 810; Wilson v. United States, 5 Cir., 158 F.2d 659, 662; Lynch v. United States, 5 Cir.,

189 F.2d 476, 479; cf. Sutton v. United States, 5 Cir., 157 F.2d 661, 663.

5. The Sixth Circuit has held that, "It is not required that the indictment must contain an allegation that an act done by a corporation was authorized by its officers and agents." Universal Milk Bottle Service v. United States, 188 F.2d 959, 963.

which Senator acted. If not, they could ascertain prior to trial by filing a motion for a bill of particulars. I cannot agree with the claim that the omission of this detail made their defenses more difficult, or prejudiced the defendants in any way. I, therefore, respectfully dissent.