Robert VASQUEZ, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15485.

United States Court of Appeals
Fifth Circuit.

Feb. 2, 1956.

Rehearing Denied March 13, 1956.

John D. Cofer, G. Hume Cofer, R. C. Wilson, Austin, Tex., John Claybrook, Carrizo Springs, Tex., of counsel, for appellant.

Harmon Parrott, Asst. U. S. Atty., San Antonio, Tex., Lonny F. Zwiener, Asst. U. S. Atty., Austin, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before HOLMES, RIVES and CAMERON, Circuit Judges.

HOLMES, Circuit Judge.

The appellant was indicted in each of two counts of an indictment, filed January 25, 1955; in the first count he was charged with having, in Travis County, Texas, on or about April 29, 1954, transferred two ounces of marihuana to William R. Hicks, which was not in pursuance of a written order of the said William R. Hicks on a form issued in blank for that purpose by the Secretary of the Treasury; in the second count, at the same time and place as described in the first count, he was charged with having acquired two ounces of marihuana without having paid the transfer tax imposed thereon by law, and when he was the transferee required by law to pay the same. After a plea of not guilty to both counts, a trial on the merits, and

a verdict of guilty on both counts, the court sentenced the appellant to serve three years imprisonment, and to pay a fine of $100, under each count. Identical separate sentences to run concurrently were entered accordingly.

■■ In response to a question by the court, the defendant's attorney told the court that there was no exception to its charge. The appellant did not file a motion to dismiss or ask for a bill of particulars prior to the trial; after verdict he filed a motion in arrest of judgment. Therefore, we conclude that the offenses charged in this indictment were sufficiently described to enable the appellant to prepare his defense on the trial below, and to plead former jeopardy successfully if brought to trial again for the same offenses. This is all that is required by the provision of the Sixth Amendment to the effect that the accused shall enjoy the right to be informed of the nature and cause of the accusation against him. United States v. Williams, 5 Cir., 202 F.2d 712, rehearing denied, 5 Cir., 203 F.2d 572, at page 573, wherein this court said: "An indictment may be defective without being void. Defenses based on defects in the indictment other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. Failure to present timely any such defense or objection constitutes a waiver thereof." See also Sutton v. United States, 5 Cir., 157 F.2d 661.

■ We have read the entire record in this case, and think the appellant had a fair trial before an impartial judge and jury; that the jury was warranted in finding from the evidence that the appellant himself transferred two ounces of marihuana to William R. Hicks at the time, place, and in the circumstances, alleged in count one; that he was not acting as a purchasing agent for any one but was a principal in the sale and transfer of the marihuana, regardless of any unknown partner in crime that he may have had. This case on its facts is distinguishable from Adams v. United States, 5 Cir., 220 F.2d 297.

As to the second count, we are not convinced that the circumstantial evidence was sufficient to warrant an inference of guilt beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence, which we are holding was true with reference to the first count.

Accordingly, as to the first count, the judgment appealed from is affirmed; as to the second count, the judgment appealed from is reversed, the verdict set aside, and a judgment of acquittal entered for appellant.

Affirmed in part and reversed in part.