**Stephen Robert HUGHES, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**George P. STACK, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 6333, 6335.**

United States Court of Appeals
First Circuit.

Jan. 20, 1965.

* Of the Second Circuit, sitting by designation.

proof in the present case cured the deficiency in the indictment. The government overlooks the fact that the Morissette indictment had charged the defendant with "unlawfully, wilfully and knowingly * * *." It would have been more appropriate to note footnote 30, 342 U.S. at 270, 72 S.Ct. at 253, to the effect that it is insufficient to charge simply in the language of the statute if "the statute itself failed to set forth expressly, fully, and clearly all elements necessary to constitute the offense," citing United States v. Carll, 1881, 105 U.S. 611, 26 L.Ed. 1135. Carll is almost exactly the case at bar, holding the word "feloniously" not the equivalent of "knowingly." "Unlawfully" is no better. Nor is this a case where the defendant first complained about the indictment after judgment, as in United States v. Williams, 5 Cir., 1953, 202 F.2d 712, opinion on rehearing 203 F.2d 572, cert. den. 346 U.S. 822, 74 S.Ct. 37, 98 L.Ed. 347.

An order will be entered denying the petition for rehearing.

Daniel Klubock, Boston, Mass., with whom Paul T. Smith and Manuel Katz, Boston, Mass., were on brief, for Stephen Robert Hughes, appellant.

John F. Zamparelli, Medford, Mass., for George P. Stack, appellant.

A. David Mazzone, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

### PER CURIAM.

By a petition for rehearing the government calls our attention to the statement in Morissette v. United States, 342 U.S. 246, at 276, 72 S.Ct. 240, at 256, 96 L.Ed. 288, where the court said, "Had the jury convicted on proper instructions it would be the end of the matter," and claims this to be support for its contention that the