**UNITED STATES of America,**
**Appellee,**

v.

**Judith Ann WHITNEY, Appellant.**

**No. 19555.**

United States Court of Appeals,
Eighth Circuit.

April 14, 1970.

Rehearing Denied May 13, 1970.

Certiorari Denied June 29, 1970.
See 90 S.Ct. 2267.

Lawrence O. Willbrand, St. Louis, Mo., for appellant.

James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for appellee, Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., with him on the brief.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

Judith Ann Whitney, now Mrs. Daniel Sappington, and Daniel Sappington were convicted of possessing money stolen from a federally insured savings and loan association in violation of 18 U.S.C.A. § 2113(c). Both were sentenced and both filed a notice of appeal with this Court. Daniel Sappington dismissed his appeal. Judith Whitney perfected hers, and contends here that the District Court erred (1) in failing to sustain a motion to suppress certain evi-

dence, and (2) in failing to sustain her motion for a directed verdict of acquittal. We affirm.

The Bohemian Savings and Loan Association of St. Louis, Missouri, was burglarized on June 24, 1968. Daniel Sappington and the appellant were arrested two days later at the Cavalier Motel in Bridgeton, Missouri. They were taken immediately to the police station and booked. Contents of the appellant's purse were inventoried as a part of the booking procedure. A key to a safety deposit box in a Hazelwood, Missouri, bank was found in the purse. The key was seized. A warrant to search the safety deposit box, which had been rented on June 25, was obtained. The box was found to contain $8,740 in currency.

The appellant's pretrial motion to suppress the key and the currency was denied. The appellant contends that the Bridgeton police were without probable cause to arrest her, and that the key and currency were the product of an unlawful arrest. Specifically, the appellant contends that she and Sappington were arrested for obtaining a lease in the motel under false pretenses; that she could not possibly be guilty of that misdemeanor as Sappington, not she, had registered at the motel; and that there was no probable cause for her arrest on the burglary charge.

■ The record shows that Sappington and the appellant were told by one of the arresting officers that they were being arrested for obtaining a lease under false pretenses—registering at the motel under the name of Roberts. As it also shows that Sappington, not the appellant, signed the register, there is some merit to the appellant's contention that there was a lack of probable cause to arrest her for this misdemeanor. But the record also shows that Sappington and the appellant were told, when arrested, that they were suspected in connection with the Bohemian Savings and Loan burglary. More importantly, the record shows that the Bridgeton police

had probable cause for believing that the appellant was feloniously involved in the Bohemian robbery. Under such circumstances, it is unnecessary to consider whether there was also probable cause for a misdemeanor arrest, and whether, if there was, a subsequent search of the appellant's purse was justified. See, Klingler v. United States, 409 F.2d 299 (8th Cir.), cert. denied, 396 U.S. 859, 90 S.Ct. 127, 24 L.Ed.2d 110 (1969); McNeely v. United States, 353 F.2d 913 (8th Cir. 1965).

The facts known to the Bridgeton police when they made the arrest can be quickly summarized. The Bohemian Savings and Loan Association was burglarized on June 24, 1968. Two days later, Robert and Virginia Griest were arrested by Bridgeton police at Bulan's Motel, in Bridgeton, Missouri, for the crime. A part of the currency taken from the Association was recovered from them. Sappington and the appellant were known by the Bridgeton police to be associates of the Griests. The two couples were registered together at Bulan's Motel on the day the Griests were arrested. Sappington had registered for himself and the appellant under the name of Daniel Leo Roberts. He was driving a 1968 Buick Riviera when he registered at Bulan's. This car was parked at Bulan's Motel when the Griests were arrested. The Riviera was found later in the day in the parking lot at the Cavalier. Sappington had registered with the appellant at the Cavalier under the name of Heath William Roberts. Sappington was known to use the name Heath Roberts.

■ From these facts, we believe that the police had probable cause to believe that Sappington and the appellant were at least accessories to the burglary. The police knew that they had recovered only a portion of the money stolen from the savings and loan association. They knew that Sappington and the appellant were associates of the Griests, and they knew that they were together in Bridgeton when the Griests were arrested only

two days after the burglary occurred. While these facts standing alone were not sufficient to give rise to more than suspicion,[1] there were additional facts. The police knew that Sappington and the appellant had registered under an assumed name at Bulan's Motel, had moved from that motel immediately after the Griests were arrested, and had registered for a second time under another assumed name. In our view, these additional facts were sufficient to ripen suspicion into probable cause.[2]

The appellant also argues on appeal that the trial court erred in denying her motion for a directed verdict of acquittal at the conclusion of the government's case. The appellant contends that there was no evidence from which a jury could determine that the money in the safety deposit box was money which had been stolen from Bohemian Savings and Loan Association nor that she knew that the alleged stolen money had been taken from a savings and loan association. The appellant's argument is not well taken.

On appeal, this Court must view the evidence in the light most favorable to the verdict rendered.[3]

We feel that there was sufficient evidence from which the jury could find that the money in the safety deposit box was money which had been taken from Bohemian Savings and Loan. The evidence showed that, on June 20, 1968, Tower Grove Bank and Trust Company sent to Bohemian Savings and Loan a shipment of $35,000: $15,000 in twenty-dollar bills, $15,000 in ten-dollar bills, $4,000 in fives and $1,000 in ones. The denominations were packaged separately with all bills facing the same direction, and each package was interlaced with new bills which ran in sequence. Approximately $8,740 was found in the safety deposit box. The bills were segregated basically by denominations; the currency was all face up and in the same order; and the five-dollar bills, in particular, had a number of interlaced new bills where the serial numbers ran in sequence. The serial numbers of the new five-dollar bills fell within the series shipped from Tower Grove to Bohemian.

We also feel that there was sufficient evidence from which the jury could find that the appellant knew that the alleged stolen money had been taken from a savings and loan association. The evidence showed that on the day following the burglary of Bohemian, the appellant entered the Lindberg Bank and inquired about renting a safety deposit box. The appellant then left the bank and returned in a few minutes with Sappington and a suitcase. A five-dollar box, number 522, was rented to the name of Judith Whitney with Daniel Sappington as deputy. Keys to the safety deposit box were found in the appellant's purse after her arrest. Currency in the amount of $8,740 was found in the box on June 27, 1968. The serial numbers of the new five-dollar bills coincided with the serial numbers of the five-dollar bills which had been sent to Bohemian prior to the burglary. The appellant was known to associate with and was arrested with Sappington. After he was arrested,

1. Mere suspicion does not constitute probable cause. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); Pigg v. United States, 337 F.2d 302 (8th Cir. 1964).

2. Johnson v. Middlebrooks, 383 F.2d 386 (5th Cir. 1967); McNeely v. United States, 353 F.2d 913 (8th Cir. 1965); Schook v. United States, 337 F.2d 563 (8th Cir. 1964). See also, Jackson v. United States, 408 F.2d 1165 (8th Cir.), cert. denied, 396 U.S. 862, 90 S.Ct. 135, 24 L.Ed.2d 114 (1969); Moran v. United States, 404 F.2d 663 (10th Cir. 1968); Kayser v. United States, 394 F.2d 601 (8th Cir.), cert. denied, 393 U.S. 919, 89 S.Ct. 250, 21 L.Ed.2d 206 (1968).

3. Noto v. United States, 367 U.S. 290, 81 S.Ct. 1517, 6 L.Ed.2d 836 (1961); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Feinstein v. United States, 390 F.2d 50 (8th Cir.), cert. denied sub nom Jackson v. United States, 392 U.S. 943, 88 S.Ct. 2327, 20 L.Ed.2d 1405 (1968).

Sappington stated that although he did not burglarize Bohemian, he knew who did but would not divulge their names. A piece of paper, found in Sappington's wallet, indicated the location of Bohemian Savings and Loan Association.

The District Court properly denied the appellant's motions. The judgment is affirmed.