**UNITED STATES of America,
Appellee,**

v.

**William Carey EDWARDS, Jr., Appellant.**

**No. 20327.**

United States Court of Appeals,
Eighth Circuit.

May 20, 1971.

Rehearings En Banc Denied
July 19, 1971.

Ronald M. Sokol, Kansas City, Mo., for appellant.

Charles E. French, Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee.

Before VOGEL and ROSS, Circuit Judges, and STEPHENSON, Chief District Judge.

ROSS, Circuit Judge.

This is a direct criminal appeal from a perjury conviction under 18 U.S.C. § 1621. We affirm the judgment of conviction.

On December 17, 1969, the defendant, Edwards, testified at the trial of Walter Patrick Peyson in the United States District Court for the Western District of Missouri. Peyson was being tried under an indictment brought under 18 U.S.C. § 3150 for failure to appear before that court for trial on December 3, 1968, after being released on bond.

In that trial for failure to appear, Peyson testified that he did not inform his wife, or the government, of his whereabouts after being released on bond, because he was concerned about his own safety; that he was a member of the Minutemen; and that he was afraid that if he was apprehended, he might be assassinated by agents of the FBI or others. In support of that testimony, Robert DePugh testified that in late November or early December of 1967, he received a telephone call from Edwards during which Edwards advised DePugh that a Mr. Brown and a Mr. "Z" "were working with some government agency who was determined to destroy the Minutemen organization even to using these people to assassinate Mr. Peyson and myself [DePugh] and frame us for these bank robberies if the assassination plot backfired." DePugh further testified that he communicated this message to Peyson and told him that for his own safety Peyson should not turn himself in.

Edwards testified that in late November of 1967, while he was a federal fugitive, he had called DePugh and told him of a conversation that he, Edwards, had engaged in the prior day with one Henry Floyd Brown. This testimony was later the basis of the perjury indictment of Edwards.[1]

---

1. That perjury indictment alleged that
   "On the 17th day of December, 1969, WILLIAM CAREY EDWARDS, JR., the defendant herein, having been called as a witness by the aforesaid Walter Patrick Peyson, duly appeared and was sworn as a witness in the course of the trial of the aforesaid case of the United States of America v. Walter Patrick Peyson, and the defendant herein, WILLIAM CAREY EDWARDS, JR., then and there being under oath, did in violation of Section 1621, Title 18, United States Code, willfully and contrary to such oath, testify falsely as to matters material to said trial, as follows:

   " 'Q Mr. Edwards, did you ever call one Robert Bolivar DePugh on the telephone and convey to him any information that concerns this defendant, Walter Patrick Peyson, in regard to a threat on his life?
   A Yes, sir.
   *   *   *   *   *
   Q (By the Defendant) To your best judgment, Mr. Edwards, when did you call Mr. DePugh?
   A Sometime in very late November 1967, I think possibly around November 27th, 28th.
   *   *   *   *   *

Prior to his trial on the perjury charge, Edwards determined to act as his own counsel and the trial court appointed an attorney to assist him in conducting his own defense.

At this trial, the government offered testimony to show that Edwards had testified at Peyson's trial as alleged in the indictment, and a stipulation was received relating to the testimony of the court reporter at the Peyson trial.[2]

The government's case in chief included testimony that on November 9, 1967, and immediately prior thereto, Edwards

> Q Would you relate to the Court what this conversation was about?
> A This conversation—
> THE COURT (interrupting): Let's make the question this way. Change it to: State in substance what the conversation was you had, as best you can recollect it, with Mr. DePugh on the telephone call in late November, sometime possibly November 27th or 28th.
> Q (By the Defendant) What you said to Mr. DePugh and what he said to you.
> A I told Mr. DePugh that I had, the prior day, talked to one Henry Floyd Brown, who was interested in my assistance to him to engage in a series of propositions relating to the Minutemen and Mr. DePugh, one suggestion of which was to possibly involve him in a bank robbery in Overland Park, Kansas. Another suggestion to possibly physically eliminate him. I told Mr. DePugh that conversation related to himself and Peyson.
>
> * * * * *
>
> Q Where had you received this information that you relayed to Mr. DePugh?
> A From Brown, and around New Liberty, Indiana.
> Q And you say that conversation was had the day previous to your telephone call to Mr. DePugh?
> A Yes, I had that conversation one evening and the following morning I called.
>
> * * * * *
>
> Q (By Mr. Mason) What was the occasion of you being with Mr. Brown on this particular day in New Liberty, Indiana?
> A I was a fugitive, federal fugitive at that time.
> Q What was the occasion of you being a federal fugitive?
> A I had escaped from a marshal some previous day. And I had known Brown from the previous confinement with him at Leavenworth.
>
> * * * * *
>
> Q Mr. Edwards, you have told us of this conversation you had with Mr.

> DePugh during the latter part of November 1967.
> A Yes, sir.
> Q You didn't tell us for sure, now, did you tell him truthfully, exactly what had been conveyed to you by Mr. Brown?
> A As much as I could, yes.
> Q And you had spoken personally with Mr. Brown?
> A Oh, yes.
> Q And that was where, did you say?
> A In the outskirts or very near New Liberty, Indiana.' "

The indictment also alleged that "[t]he aforesaid testimony of WILLIAM CAREY EDWARDS, JR. as he then and there well knew and believed, was not true in that said WILLIAM CAREY EDWARDS, JR., had not met with said Henry Floyd Brown at or near New Liberty, Indiana during the month of November, 1967."

2. The text of the stipulation is as follows: "It is hereby stipulated between the plaintiff, United States of America, and defendant, William Carey Edwards, Jr., that if Mrs. Jean R. Shanholtzer were called as a witness and duly sworn that she would testify (1) that she is the Official Reporter for the United States District Court for the Western District of Missouri; (2) that in her capacity as Official Reporter she was present throughout the proceedings held in the case of United States of America versus Walter Patrick Peyson, No. 22766, in the United States District Court for the Western District of Missouri at Jefferson City on December 16, 1969, and December 17, 1969, and took down in shorthand the entire proceedings held therein; (3) that defendant herein, William Carey Edwards, Jr., appeared in such proceedings as a witness for the defendant, Walter Patrick Peyson, and after having taken an oath administered by a Deputy Clerk of the United States District Court, William Carey Edwards, Jr., testified before such Court; (4) that she thereafter transcribed a portion of such proceedings including but not limited to the entire testimony of the defendant herein, William Carey Edwards, Jr., and filed a

was in federal custody but escaped on that date from a U. S. Marshal at La-Crosse, Indiana. Edwards was in federal custody continuously at all pertinent times prior thereto and thereafter.

The government's witnesses also testified that Henry Floyd Brown was in federal custody in Leavenworth, Kansas from December 8, 1958, to November 24, 1967, when he was discharged on mandatory release. The position of the government was that since Edwards was free only from November 9, 1967, to November 12, 1967, and since Henry Floyd Brown was then in federal custody in Leavenworth, Kansas, that Edwards and Henry Floyd Brown could not have had a personal conversation in Indiana during that time period. At the close of the government's evidence, defendant made a motion for acquittal, which was overruled.

Edwards produced witnesses who testified that another Brown, Glen B. Brown, was in fact the person to whom Edwards had reference in his testimony in the Peyson trial and identified him by pictures produced by Mr. Zarter, Administrative Assistant, Classification and Parole, United States Penitentiary, Leavenworth, Kansas. Two witnesses, both inmates at the United States Penitentiary at Leavenworth, testified that they had seen Edwards in the company of Glen B. Brown in Lafayette, Indiana in November of 1967.

In rebuttal, the government called Glen B. Brown, who testified that he was working in Florida during the period in question, that he had not been in Indiana during 1967 and that he had not met Edwards there or anywhere else since Brown's parole in July of 1967. Two additional witnesses, fellow workers of Glen B. Brown at the Jacksonville, Florida shipyards, corroborated the testimony of Glen B. Brown as to his whereabouts during the period in question.

transcript thereof with the Clerk of the United States District Court; and (5) that the Transcript of Proceedings filed in the United States District Court in

Defendant then renewed his motion for judgment of acquittal which the court overruled. The jury found Edwards guilty of perjury as charged, and he was sentenced to a term of four years. A written motion for judgment of acquittal and a motion for new trial were filed by Edwards and overruled. This appeal was then taken.

Edwards alleges seven grounds for reversal on appeal as follows:

1. That the indictment fails to allege a violation of Section 1621, Title 18, U.S.Code.

2. That there was no evidence before the jury that Edwards was sworn under an oath to testify truly or an oath authorized by the United States when he testified in the Peyson trial.

3. That the trial court should have instructed the jury that they must unanimously agree as to Edwards' guilt or innocence as to each statement alleged to have been falsely made by him; that the failure of the trial court so to instruct denied defendant a fair trial and trial by jury as required by the fifth and sixth amendments.

4. That the trial court erred in admitting evidence of Edwards' escape from federal custody on November 9, 1967.

5. That the jury was not sufficiently informed of the surrounding circumstances of Edwards' testimony at the Peyson trial to reach an intelligent determination whether the allegedly false testimony was willfully given.

6. That there was not a finding sufficient on the record that these allegedly false statements were material to the subject under inquiry at the Peyson trial.

7. That there was not sufficient evidence for conviction as a matter of law at the close of the government's evidence.

Case No. 22766 contains a true, correct, and complete transcript of the testimony of William Carey Edwards, Jr., given before such Court."

## I. SUFFICIENCY OF THE INDICTMENT

■ Edwards contends that the terms of the indictment, "duly appeared," "was sworn as a witness," "being under oath" and "testify falsely," did not suffice when the statute requires that the one charged must have "taken an oath * * * that he will testify * * * truly."

Rule 7(c) of the Federal Rules of Criminal Procedure requires that the indictment "be a plain, concise and definite written statement of the essential facts constituting the offense charged." There is no requirement that the indictment be phrased in the exact words of the statute so long as it describes each element of the offense.

In United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 115, 98 L.Ed. 92 (1953), the Supreme Court determined that "[t]he essential elements of the crime of perjury as defined in 18 U.S.C. § 1621 are (1) an oath authorized by a law of the United States, (2) taken before a competent tribunal, officer or person, and (3) a false statement wilfully made as to facts material to the hearing." The Court also stated at page 377, 74 S.Ct. at page 115:

"The oath administered must be authorized by a law of the United States. This requirement is met by the allegations in the indictments that the defendants had 'duly taken an oath.' 'Duly taken' means an oath taken according to a law which authorizes such oath. See Robertson v. Perkins, 129 U.S. 233, 236, 9 S.Ct. 279, 280, 32 L.Ed. 686. The name of the person who administered the oath is not an essential element of the crime of perjury; the identity of such person goes only to the proof of whether the defendants were duly sworn."

Measured by these pronouncements of the law, the wording of the indictment is obviously sufficient. The indictment alleges that Edwards "being under oath" testified in a criminal trial in "the United States District Court for the Western District of Missouri"; that he "duly appeared and was sworn as a witness in the course of the trial"; and that Edwards, "being under oath, did, in violation of Section 1621, Title 18, United States Code, wilfully and contrary to such oath, testify falsely as to matters material to said trial. * * * *"

As stated by the Supreme Court in *Debrow, supra* at 376, 74 S.Ct. at 114-115, "[a]n indictment is required to set forth the elements of the offense sought to be charged.

'The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Cochran and Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, [435], 480, 40 L.Ed. 606.' Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861."

These requirements have been fully met by this indictment.

## II. ADEQUACY OF PROOF THAT DEFENDANT WAS UNDER OATH

■ Edwards' contention that there was no evidence before the jury that the defendant was under oath when he was testifying during the Peyson trial is without merit for two reasons:

1. Edwards stipulated that if the court reporter at the Peyson trial were called as a witness, she would testify "that defendant herein, William Carey Edwards, Jr., appeared in such proceedings as a witness for the defendant, Walter Patrick Peyson, and after having taken an oath adminis-

tered by a Deputy Clerk of the United States District Court, William Carey Edwards, Jr., testified before such Court; . . ." (see n. 2, *supra*).

2. The government offered into evidence at the Edwards trial, portions of the transcript of evidence of the Peyson trial. This includes the following statement of the court reporter in that transcript:

> "WILLIAM CAREY EDWARDS, called as a witness by the Defendant, having been duly sworn, testified as follows:"[3]

As stated in Jackson v. United States, 330 F.2d 679, 681 (8th Cir.), *cert. denied*, 379 U.S. 855, 85 S.Ct. 105, 13 L. Ed.2d 58 (1964):

> "It is a well-settled general rule of law that facts which are stipulated during the course of a trial are to be taken by the jury as conclusively proven."

*Accord*, Osborne v. United States, 351 F.2d 111, 120 (8th Cir. 1965); Vuckson v. United States, 354 F.2d 918, 921 (9th Cir.), *cert. denied*, 384 U.S. 991, 86 S.Ct. 1896, 16 L.Ed.2d 1007, *reh. denied*, 385 U.S. 893, 87 S.Ct. 27, 17 L.Ed.2d 127 (1966). Smith v. United States, 363 F. 2d 143, 145 (5th Cir. 1966), is cited by Edwards on this proposition, but is distinguishable by reason of the fact that in *Smith* there was no stipulation relating to the oath and no evidence other than the transcript to indicate the oath had been administered.

## III. JURY INSTRUCTIONS

■ Edwards contends that the court should have instructed the jury that it must unanimously agree as to his guilt of perjury on one or more of the individual statements attributed to Edwards which were the subject of the perjury charge; that it was possible that one or two jurors found one or more of the statements to be true without all twelve jurors agreeing on the truth or falsity of any one of the statements.

The trial court instructed the jury that there are five essential elements to be proved in perjury cases and that it required twelve jurors agreeing to return a verdict.[4]

---

3. 28 U.S.C. § 753(b) provides in part as follows: "The transcript in any case certified by the reporter shall be deemed prima facie a correct statement of the testimony taken and proceedings had."

4. The pertinent instructions given by the Court are as follows:

"I instruct you, members of the jury, that there are five essential elements each of which must be proved beyond a reasonable doubt in order to establish the offense charged in this case.

"First, that the testimony that I have just read to you in question and answer form was given under oath taken by the accused before the United States District Court for the Western District of Missouri in the case of United States of America vs. Walter Patrick Peyson, Case No. 22766.

"Second, that such testimony was given as to some material matter in that criminal trial, Case No. 22766.

"Third, that the testimony so given was false in one or more of the material respects charged; namely, that this defendant, Mr. Edwards, as he testified (in the Jefferson City trial), and I quote from that testimony, met 'some-time in very late November 1967, I think possibly around November 27, 28,' (or 'during the latter part of November 1967'), one Henry Floyd Brown 'around New Liberty, Indiana,' or 'in the outskirts, or very near New Liberty, Indiana,' at a time that this defendant, Mr. Edwards, was a federal fugitive who had escaped from a marshal some previous day, and that the Henry Floyd Brown in talking to the defendant told in connection with a series of propositions relating to the Minutemen and Mr. DePugh, and I quote again: 'One suggestion of which was to possibly involve him in a bank robbery in Overland Park, Kansas. Another suggestion to possibly physically eliminate him.'

"*In other words, members of the jury, was the just mentioned testimony which the defendant Edwards gave in the Jefferson City trial false in that this defendant, Edwards, did not meet one Henry Floyd Brown as he testified in the Jefferson City trial and have the personal conversation with him as he testified in the Jefferson City trial as having occurred in the outskirts or very near New Liberty, Indiana, or around New Liberty, Indiana, in which conver-*

No objection was voiced to these instructions and no instruction was proposed which embodies the unanimity theory of the defendant set forth above.

Rule 30, Federal Rules of Criminal Procedure, provides in part: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Edwards concedes no objection was raised or instruction proposed, but claims that the Court had a duty to instruct the jury on his theory of unanimity and that its failure to do so constituted "plain error" under Rule 52(b) of the Federal Rules of Criminal Procedure.

In Black v. United States, 309 F.2d 331, 342 (8th Cir. 1962), *cert. denied*, 372 U.S. 934, 83 S.Ct. 880, 9 L.Ed.2d 765 (1963), this Court stated that:

> "This Court has 'repeatedly held that the plain error rule should be applied with caution and should be invoked only to avoid a miscarriage of justice.' Johnson v. United States, 8 Cir., 291 F.2d 150, 156. Similar pronouncements of this Court as to the noticing of plain error may be found in: Page v. United States, 8 Cir., 282 F.2d 807, 810; Bell v. United States, 8 Cir., 251 F.2d 490, 494; Kreinbring v. United States, 8 Cir., 216 F.2d 671, 674; Mitchell v. United States, 8 Cir., 208 F.2d 854, 858."

*Accord,* Armstrong v. United States, 228 F.2d 764, 768 (8th Cir.), *cert. denied*, 351 U.S. 918, 76 S.Ct. 710, 100 L.Ed. 1450 (1956).

Assuming, however, *arguendo*, that, since Edwards was (by his own choice) proceeding during trial *pro se,* the Court should permit a more liberal application of Rule 52(b), this Court believes the instructions to be proper. The wording of the indictment and the wording of the instruction made it clear that the allegation of falsity to be determined by the jury was that Edwards "had not met with said Henry Floyd Brown at or near New Liberty, Indiana, during the month of November 1967." Considering the testimony at the trial, it is highly unlikely that one or more members of the jury could find that this statement was false only in part. The government's testimony proved conclusively that Henry Floyd Brown could not have met Edwards at that time. When Edwards attempted to shift the identity to Glen B. Brown, the government adduced evidence that Glen B. Brown did not meet with Edwards either. Thus the evidence was such that the jury could either believe Edwards' witnesses that Glen B. Brown met with Edwards in Indiana in November of 1967 or the government's witnesses, including Glen B. Brown, who testified that he, Glen B. Brown, was in Florida during all of the period in question. It is obvious that they chose the latter course and the instruction complained of could not have contributed to that decision.

This same unanimity argument urged by Edwards was rejected in the recent case of Vitello v. United States, 425 F.2d 416, 422 (9th Cir.), *cert. denied*, 400 U.S. 822, 91 S.Ct. 43, 27 L.Ed.2d 50 (1970).

---

*sation Mr. Brown told Mr. Edwards of the suggestion to possibly physically eliminate Mr. DePugh; that is the alleged falsity in one or more of the material matters charged in the Indictment.*

"The fourth essential element: That this false testimony, if you find it was false, was willfully given as charged, and

"Fifth, that in the giving of that testimony the defendant knew at the time that he gave it that it was false.

"These are the five essential elements each of which must be proved beyond a reasonable doubt, and if you do not find and believe beyond a reasonable doubt that each of the five above mentioned essential elements occurred, you shall acquit the defendant; however, if you do believe beyond a reasonable doubt that these five essential elements have been proved beyond a reasonable doubt then you should find the defendant guilty as charged." (emphasis added)

## IV. ADMISSION OF EVIDENCE OF ESCAPE

■■ Edwards testified at the Peyson trial that he made the telephone call to DePugh after meeting with Henry Floyd Brown and that both the call and the meeting took place while he was a "federal fugitive" having "escaped from a marshal some previous day."

While evidence of another crime is generally inadmissible, it is admissible when used to establish a material fact or issue in the case. Spencer v. Texas, 385 U.S. 554, 560, 87 S.Ct. 648, 17 L.Ed.2d 606, *reh. denied*, 386 U.S. 969, 87 S.Ct. 1015, 18 L.Ed.2d 125 (1967); Love v. United States, 386 F.2d 260, 266 (8th Cir. 1967), *cert. denied*, 390 U.S. 985, 88 S.Ct. 1111, 19 L.Ed.2d 1286 (1968); Tucker v. United States, 375 F.2d 363, 371 n.9 (8th Cir.), *cert. denied*, 389 U.S. 888, 88 S.Ct. 128, 19 L.Ed.2d 189 (1967); Hess v. United States, 254 F.2d 585, 588 (8th Cir. 1958); Smith v. United States, 236 F.2d 260, 267–268 (8th Cir.), *cert. denied*, 352 U.S. 909, 77 S.Ct. 148, 1 L.Ed.2d 118 (1956), *reh. denied*, 353 U.S. 989, 77 S.Ct. 1280, 1 L.Ed.2d 1147 (1957); Bram v. United States, 226 F.2d 858, 863 (8th Cir. 1955); Hardy v. United States, 199 F.2d 704, 707 (8th Cir. 1952). We extensively discussed this exception in Hardy v. United States, *supra*, where we said:

"[I]t has repeatedly been held that the [exclusionary] rule will not be given application to exclude evidence which may incidentally show arrest, incarceration or conviction for some other offense, but which has relevancy and competency otherwise, and which the trial court responsibly deems a necessary or not inappropriate means in the particular situation of establishing some material fact or aspect of the prosecution's case."

and in Love v. United States, *supra*, 386 F.2d at 266, where we held:

"Evidence of other criminal acts may, however, become relevant and admissible where such evidence tends to de-termine certain issues in the case tried."

The admissibility of such evidence is within the trial court's discretion. *See* United States v. Lewis, 423 F.2d 457, 459 (8th Cir.), *cert. denied*, 400 U.S. 905, 91 S.Ct. 146, 27 L.Ed.2d 142 (1970) and cases cited therein. In Wakaksan v. United States, 367 F.2d 639, 645 (8th Cir. 1966), *cert. denied*, 386 U.S. 994, 87 S.Ct. 1312, 18 L.Ed.2d 341 (1967), we said:

"Unless it is clear that the questioned evidence has no bearing upon any of the issues involved, this determination is left to the discretion of the trial judge."

The evidence of Edwards' escape from federal custody was certainly a material fact in this case (made so by Edwards' original testimony), and there was no abuse of the trial court's discretion in admitting it; especially since the only opportunity Edwards had to make the call in question and to meet with Brown was during this period of escape.

The Court properly instructed the jury that the evidence relating to escape was not evidence of the commission of the crime of perjury.

## V. WILLFULNESS

■ Edwards claims that the evidence was insufficient to establish that his testimony in the Peyson trial was "willfully given." The government adduced evidence to the effect that Peyson was being tried for failing to appear and surrender himself to the U. S. Marshal as required by order of the United States District Court; that Edwards appeared as a witness therein and testified under oath that he had telephoned DePugh to convey information that a threat had been made on the life of Peyson by Henry Floyd Brown; and that Edwards had testified in the Peyson trial concerning the alleged meeting between Edwards and Henry Floyd Brown which was the basis for the phone call to DePugh.

The Court in this case instructed the jury that they must find that Edwards' testimony was false and was willfully given and further instructed the jury that "[a]n act is done 'willfully' if done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law."

This Court has consistently held that "[i]n a prosecution for perjury the government must prove the defendant knowingly and willfully made a false statement upon a material matter in a case in which the law of the United States authorizes an oath to be administered before a competent tribunal." LaRocca v. United States, 337 F.2d 39, 43 (8th Cir. 1964). *Accord,* Blumenfield v. United States, 306 F.2d 892, 897 (8th Cir. 1962); Brown v. United States, 245 F.2d 549, 556 (8th Cir. 1957). The degree of proof required of the government to establish these elements has been defined as substantial evidence excluding every other hypothesis than that of guilt. LaRocca v. United States, *supra,* 337 F.2d at 43; Blumenfield v. United States, *supra,* 306 F.2d at 897; Brown v. United States, *supra,* 245 F.2d at 556.[5] In order to meet its burden, the government did not have to retry the Peyson case. It only had to introduce sufficient evidence and testimony from that case to permit the jury to make a rational decision as to its falsity and its willfulness. *See* United States v. Letchos, 316 F.2d 481, 485 (7th Cir.), *cert. denied,* 375 U.S. 824, 84 S.Ct. 65, 11 L. Ed.2d 57 (1963). In determining whether the government met its burden, we must review the evidence in the light most favorable to the government, as the prevailing party in the trial. United States v. Whitney, 425 F.2d 169, 171 (8th Cir.), *cert. denied,* 399 U.S. 935, 90 S.Ct. 2267, 26 L.Ed.2d 808 (1970); United States v. Wilson, 424 F.2d 997, 998 (8th Cir. 1970) (Per Curiam); United States v. May, 419 F.2d 553, 555 (8th Cir. 1969). We must also give the government the benefit of all inferences reasonably drawn from the proven facts. United States v. Kye, 411 F.2d 120, 121 (8th Cir. 1969), and cases cited therein. Having so done, we feel that the government met their burden. The record fully supports the jury's finding of willfulness under proper instructions by the trial court.

## VI. MATERIALITY

Edwards' sixth point on appeal is that the record fails to support the materiality of his alleged false statement. Materiality in a case such as this must be determined by the court. Masinia v. United States, 296 F.2d 871, 874 (8th Cir. 1961); Dolan v. United States, 218 F.2d 454, 457 (8th Cir.), *cert. denied,* 349 U.S. 923, 75 S.Ct. 665, 99 L. Ed. 1255 (1955). The governing criterion recognized by this Court concerning the materiality of false testimony is whether or not the perjurious statements impeded and hampered the course of the trial in the sense that they had a tendency to affect the ultimate decision of the jury. *See* LaRocca v. United States, *supra,* 337 F.2d at 43. After reviewing the record of the Peyson trial (which was received in evidence in its entirety without objection for the purpose of permitting the Court to determine materiality), we agree with the trial court that Edwards' testimony was material. Edwards' testimony that Brown had intended to eliminate Peyson had a definite tendency to affect the issue of Peyson's willful failure to appear for trial, an issue which the jury had to

5. In Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150 (1954), *reh. denied,* 348 U.S. 932, 75 S.Ct. 334, 99 L.Ed. 731 (1955), the Supreme Court indicated that in determining the propriety of instructions in circumstantial evidence cases "[i]f the jury is convinced beyond a reasonable doubt, we can require no more." *Accord,* United States v. Francisco, 410 F.2d 1283, 1286 (8th Cir. 1969). *But see* United States v. Jones, 418 F.2d 818, 826, 829 (8th Cir. 1969) (2–1 decision).

decide to reach its ultimate decision in the Peyson case.

## VII. SUFFICIENCY OF EVIDENCE

█ Edwards claims that his motion for judgment of acquittal at the close of the government's case based upon alleged insufficiency of the evidence should have been sustained and that Edwards did not waive his right to allege this as error by introducing evidence in his own behalf.

A review of the testimony adduced by the government in its case in chief convinces this Court that it was sufficient to sustain a conviction. The government established that Edwards testified under oath at the Peyson trial that he had personally spoken with Henry Floyd Brown near New Liberty, Indiana during late November 1967; that Edwards had known Henry Floyd Brown during imprisonment in Leavenworth, Kansas; that Edwards had been in Federal custody prior to November 9, 1967, and ever since November 12, 1967; that from November 9, 1967, to November 12, 1967, Edwards was in escape status near New Liberty, Indiana; and that, during the same period, Brown was in federal custody in Kansas. The transcript of the Peyson trial was introduced to establish materiality. This evidence, which was extensively corroborated, and all inferences drawn therefrom, when viewed in the light most favorable to the government,[6] establishes that Edwards could not have met with Brown as he testified at the Peyson trial and that his testimony at the Peyson trial was material and willfully false.

Assuming, *arguendo*, however, that the motion should have been sustained, the law is well settled in this Circuit that an individual waives his objection to the court's denial of his motion for judgment of acquittal when he intro-

duces evidence in his defense. Cline v. United States, 395 F.2d 138, 144 (8th Cir. 1968); Hiatt v. United States, 384 F.2d 675, 676 (8th Cir. 1967); *cert. denied*, 390 U.S. 998, 88 S.Ct. 1203, 20 L.Ed.2d 97 (1968); Jaben v. United States, 349 F.2d 913, 916–917 (8th Cir. 1965).

The fact that Edwards was proceeding *pro se* does not change the rule. Edwards refused to be represented by counsel and the Court still appointed counsel to assist him in his own defense. Under these circumstances, Edwards proceeded *pro se* at his own risk. Minor v. United States, 375 F.2d 170, 172 (8th Cir.), *cert. denied*, 389 U.S. 882, 88 S.Ct. 131, 19 L.Ed.2d 177 (1967).

Judgment affirmed.

---

6. Masters v. United States, 351 F.2d 105, 106 (8th Cir. 1965), *cert. denied*, 384 U.S. 946, 86 S.Ct. 1474, 16 L.Ed.2d 544 (1966); Neubauer v. United States, 250 F.2d 838, 839–840 (8th Cir.), *cert. denied*, 356 U.S. 927, 78 S.Ct. 715, 2 L.Ed.

2d 758 (1958). *See also* United States v. Whitney, *supra*, 425 F.2d at 171; United States v. Wilson, *supra*, 424 F.2d at 998; United States v. May, *supra*, 419 F.2d at 555; United States v. Kye, *supra*, 411 F.2d at 120–121.