## ROBERTSON *v.* PERKINS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 672. Argued January 15, 16, 1889. — Decided January 28, 1889.

The crop ends of Bessemer steel rails are liable to a duty of 45 per cent ad valorem, as "steel" under Schedule C of § 2502 of the Revised Statutes, as amended by § 6 of the act of March 3, 1883, c. 121, 22 Stat. 500, and are not liable to a duty of only 20 per cent ad valorem, as "metal unwrought," under the same schedule.

Where, at the close of the plaintiff's evidence, on a trial before a jury, the defendant moves the court to direct a verdict for him, on the ground that the plaintiff has not shown sufficient facts to warrant a recovery, and the motion is denied, and the defendant excepts, the exception fails, if the defendant afterwards introduces evidence.

Under the practice in New York, allegations in the complaint, that the plaintiff "duly" protested in writing against the exaction of duty, and "duly" appealed to the Secretary of the Treasury, and that ninety days had not elapsed, at the commencement of the suit, since the decision of the secretary, if not denied by the answer are to be taken as true, and are sufficient to prevent the defendant from taking the ground, at the trial, that the protest was premature, or that the plaintiff must give proof of an appeal, or of a decision thereon, or of its date.

THE case is stated in the opinion.

*Mr. Solicitor General* for plaintiff in error.

*Mr. J. Langdon Ward* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action originally brought in the Superior Court of the city of New York, and removed by *certiorari*, by the defendant, into the Circuit Court of the United States for the

Southern District of New York. It was brought by Charles L. Perkins against William H. Robertson, collector of the port of New York, to recover $1460 as duties illegally exacted on an importation of Bessemer steel rail crop ends, from England, in August, 1884. The defendant exacted duties on the articles at the rate of 45 per centum ad valorem, amounting to $2628. The plaintiff claimed that the lawful rate of duty was only 20 per centum ad valorem, or $1168. The complaint contained the allegation that the plaintiff "duly made and filed due and timely protest in writing against the said erroneous and illegal assessment and exaction of the said duty;" that the plaintiff was compelled to pay the $1460 in order to obtain possession of the merchandise; that he duly appealed to the Secretary of the Treasury from the decision of the defendant ascertaining and liquidating the duties; and that ninety days had not elapsed at the commencement of the suit, since the decision of the Secretary of the Treasury on such appeal. The answer of the defendant did not deny the allegations of the complaint as to protest and appeal and the decision of the Secretary of the Treasury. The jury found a verdict for the plaintiff. The parties consented in open court that the amount of the verdict might be adjusted at the custom-house, under the direction of the court. The amount was adjusted as of the date of the verdict, and for that amount, with interest and costs, in all $1742.23, judgment was rendered for the plaintiff. To review that judgment the defendant has brought a writ of error.

At the close of the plaintiff's evidence, the counsel for the defendant moved the court to direct a verdict for the defendant, on the grounds, among others: (1) that the protest which was put in evidence by the plaintiff was served and filed before liquidation, and was, therefore, premature; (2) that no proof was offered or given that there was any appeal to the Secretary of the Treasury, or any decision on such appeal, and no proof of the date of such decision, to show that the suit was brought in time. The motion was denied, and the defendant excepted to the ruling.

Under § 914 of the Revised Statutes of the United States,

the practice, pleadings and forms and modes of proceeding in this case, in regard to the complaint and the answer, were required to conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the State of New York. By § 481 of the New York Code of Civil Procedure, it is required that the complaint shall contain "a plain and concise statement of the facts constituting each cause of action." Section 500 requires that the answer shall contain " a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." By § 522, " each material allegation of the complaint, not controverted by the answer," "must, for the purposes of the action, be taken as true."

The allegation of the complaint in this case is, that the plaintiff " duly made and filed due and timely protest in writing," and " duly appealed to the Secretary of the Treasury," and " that ninety days have not elapsed since the decision of the Secretary of the Treasury on the aforesaid appeal." As none of these allegations were denied in the manner required by § 500 of the code, they were, by § 522, to be taken as true, and no issue was joined upon any one of them. This is the ruling in regard to these provisions by the Court of Appeals of the State of New York. In *Lorillard* v. *Clyde*, 86 N. Y. 384, the complaint alleged that, in pursuance of a certain agreement, a corporation " was duly organized under the laws of this State." It was contended, on a demurrer to the complaint, that the agreement was illegal, because it provided that the parties thereto, consisting of five persons only, should form a corporation, whereas the statute contemplated that at least seven persons should unite in order to form a corporation. But the court held that the allegation that a corporation was " duly organized under the laws of this State," pursuant to the agreement, imported that the requisite number of persons united for that purpose; that it must be assumed that the corporation was regularly organized; and that it was unnecessary for the plaintiff to show in his complaint the precise steps taken to

accomplish that result. The word "duly" means, in a proper way, or regularly, or according to law. See, also, *Tuttle* v. *The People*, 36 N. Y. 431, 436, and cases there cited; *Fryatt* v. *Lindo*, 3 Edw. Ch. 239; *The People* v. *Walker*, 23 Barb. 304; *The People* v. *Mayor*, 28 Barb. 240; *Burns* v. *The People*, 59 Barb. 531; *Gibson* v. *The People*, 5 Hun, 542.

The plaintiff claimed, by his protest and at the trial, that the articles in question were liable to a duty of only twenty per centum ad valorem, under the provision of Schedule C of § 2502 of the Revised Statutes, as amended by § 6 of the act of March 3, 1883, c. 121, 22 Stat. 501, which imposes a duty of 20 per centum ad valorem on "mineral substances in a crude state and metals unwrought, not specially enumerated or provided for in this act." The collector had imposed a duty of 45 per centum ad valorem on the articles, under the following provision of the same Schedule C, 22 Stat. 500: "Steel, not specially enumerated or provided for in this act, forty-five per centum ad valorem: *Provided*, That all metal produced from iron or its ores, which is cast and malleable, of whatever description or form, without regard to the percentage of carbon contained therein, whether produced by cementation, or converted, cast, or made from iron or its ores, by the crucible, Bessemer, pneumatic, Thomas-Gilchrist, basic, Siemens-Marten, or open-hearth process, or by the equivalent of either, or by the combination of two or more of the processes, or their equivalents, or by any fusion or other process which produces from iron or its ores a metal either granular or fibrous in structure, which is cast and malleable, excepting what is known as malleable iron castings, shall be classed and denominated as steel."

At the close of the plaintiff's evidence, the defendant moved the court to direct a verdict for the defendant, on the further ground that the plaintiff had not shown facts sufficient to entitle him to recover. The motion was denied by the court, and the defendant excepted to the ruling. But, as the defendant did not then rest his case, but afterwards proceeded to introduce evidence, the exception fails. *Accident Ins. Co.* v. *Crandal*, 120 U. S. 527.

The plaintiff introduced evidence for the purpose of showing that the article in question fell under the denomination of "metal unwrought," not specially enumerated or provided for in the act; and the defendant introduced evidence to show the contrary. It appeared by the evidence of the plaintiff, that the crop end of a Bessemer steel rail, such as the article in question, was the imperfect end of a rail, which was cut off to bring the remainder down to a solid rail of regular length; that the end thus cut off was of the same texture and fabric with the rail which remained after such end was cut off, and was made in the same manner; and that the crop end so cut off was Bessemer steel. It also appeared that such ends, when imported, were sold as an article of merchandise in this country, and were sometimes remelted in furnaces; and that they were sometimes used, after importation, for manufacturing other articles by reheating them, without their being remelted, and had a value as a manufactured article, other than for the purpose of remelting.

At the close of the testimony on both sides, the defendant moved the court to direct a verdict for him, on the grounds, that the plaintiff had not produced sufficient evidence to make a case; that there was no evidence that the imported articles were unwrought metal; and that they were steel, which was specially provided for in the statute. The motion was denied by the court, and the defendant excepted to the ruling.

The court charged the jury that the only question was whether the article was wrought or unwrought metal; that the word "wrought" meant wrought into something suitable for use, and not merely wrought in some manner, by being manufactured or treated; that, if the article was a mere excess of material, left after the making of steel rails, it was not wrought metal, within the sense of the statute; that, if it was something left over in excess of the material, the jury were to return a verdict for the plaintiff; but if it was an article fit for use in itself, made at the same time with the making of the rail; they should return a verdict for the defendant. The defendant excepted to that part of the charge which stated that the only question for the jury was whether the article

was wrought or unwrought metal; and also to that part which stated that if the article was a mere excess of material in making steel rails, it was not wrought metal in the sense of the statute.

We are of opinion that the court erred in its disposition of the case, and its charge to the jury. The motion to direct a verdict for the defendant, on the ground that the article was not metal unwrought, not specially enumerated or provided for in the statute, but was steel, specially enumerated and provided for in the same statute, in a clause other than that regarding metals unwrought, ought to have been granted. The article fell within the definition of steel given in the statute. The testimony showed that it was metal produced from iron or its ores, by the Bessemer process, within the definition of the articles which the statute stated should "be classed and denominated as steel." It was none the less steel because it was an excess of material, as the result of making steel rails, cut off from the steel rail, and not suitable for use in itself, without being remelted or reheated. The charge of the court on this subject was subject to the exception and objection made to it.

It results from these views that

> *The judgment below must be reversed, and the case be remanded to the Circuit Court with a direction to grant a new trial.*