## DUDLEY v. UNITED STATES.

(Circuit Court, D. Vermont. May 19, 1896.)

1. CUSTOMS DUTIES—CLASSIFICATION—DRESSED LUMBER.

Inch boards and three-inch plank, planed on both sides, and tongued and grooved, are not dutiable as "manufactures of wood," under paragraph 181 of the act of 1894, but are entitled to free entry as "dressed lumber," under paragraph 676.

2. SAME—MANUFACTURES OF WOOD.

"Manufactures of wood," as used in paragraph 181 of the act of 1894, means articles made of wood, and completed into things different from what the wood was before. Hartranft v. Wiegmann, 7 Sup. Ct. 1240, 121 U. S. 609, and Maddock v. Magone, 14 Sup. Ct. 588, 152 U. S. 368, applied.

This was an application by Frank Dudley for a review of the decision of the board of general appraisers sustaining the action of the collector in respect to the classification in duty of certain boards and planks imported by him.

C. A. Prouty and J. P. Tucker, for appellant.

John H. Senter, U. S. Atty. Edward L. Strong, and Daniel Magone, for the United States.

WHEELER, District Judge. The tariff act of 1894 provides for a duty on:

181. House or cabinet furniture, of wood, wholly or partly finished, manufactures of wood, or of which wood is the component material of chief value, not specially provided for in this act, twenty-five per centum ad valorem.

And puts on the free list:

### Wood.

672. Logs, and round unmanufactured timber not specially enumerated or provided for in this act.

673. Firewood, handle bolts, heading bolts, stave bolts, and shingle bolts, hop poles, fence posts, railroad ties, ship timber, and ship planking, not specially provided for in this act.

674. Timber, hewn and sawed, and timber used for spars and in building wharves.

675. Timber squared or sided.

676. Sawed boards, plank, deals, and other lumber, rough or dressed, except boards, plank, deals and other lumber of cedar, lignum vitae, lancewood, ebony, box, granadilla, mahogany, rosewood, satinwood, and all other cabinet woods.

677. Pine clapboards.

678. Spruce clapboards.

679. Hubs for wheels, posts, last blocks, wagon blocks, oar blocks, gun blocks, heading, and all like blocks or sticks, rough hewn or sawed only.

680. Laths.

681. Pickets and palings.

682. Shingles.

683. Staves of wood of all kinds, wood unmanufactured.

The appellant imported inch boards and three-inch plank, planed on both sides, and tongued and grooved. The collector assessed a duty of 25 per cent. on it, as a manufacture of wood, under paragraph 181. The appellant protested that it was free, under paragraph 676. The board of general appraisers found on the opinions of 24 witnesses out of 46 examined by them "that the merchandise is not commercially known as 'dressed lumber,' but has passed beyond that description by the processes of tonguing and grooving, which are additional to dressing," and affirmed the classification of the collector. The testimony of another witness to the contrary has been taken since. That this material is still lumber, and is bought and sold by the thousand feet, as lumber is, nearly all of the witnesses agree. That it is not akin to the articles of wood mentioned in paragraph 181 is quite apparent. That paragraph expressly refers to house or cabinet furniture of wood, wholly or partly finished; and then to manufactures of wood, without reference to the extent of finishing, thereby implying that these are referred to as finished. Manufactures of wood are articles made of wood, and completed into things different from what the wood of which they are made was before. Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240; Maddock v. Magone, 152 U. S. 368, 14 Sup. Ct. 588. Paragraph 676 does not refer either to sawed lumber or to dressed lumber, by itself, but, after naming sawed boards and plank,—which the two kinds of this importation are,—it mentions other lumber, rough or dressed, which must mean, as lumber is divided into two classes, rough and dressed, all other lumber whether rough or dressed. This is lumber dressed for use, and has not been made into anything beyond lumber so dressed. Articles used for kindred purposes, and which are completed things, having names of their own, and which would not be included under the general head of lumber, are expressly placed on the free list in this schedule, indicating an intention that all these should be free. Neither sawed nor dressed lumber is usually dealt in by those names, but by what it is wanted for; so this is not a question of trade names, but of what the material is. If it is dressed lumber in fact, it is free. Robertson v. Perkins, 129 U. S. 233, 9 Sup. Ct. 279. The finding of the board of appraisers, upon conflicting evidence, is entitled to great weight, but they did not have all the witnesses before them, and the evidence and their finding fall short of really showing that these are completed manufactures of wood. Dressing them further by tonguing and grooving does not make them anything else. Classification reversed.