## GEO. MEIER & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 29, 1904.)

No. 3,329.

1. CUSTOMS DUTIES—CLASSIFICATION—FLITTERS—COMPOSITION METAL.

So-called "flitters," made from sheets of copper and zinc, and reduced to a fine condition for use in the same manner as bronze powder, are free of duty, under the provision in paragraph 533, Tariff Act July 24, 1897. c. 11, § 2, Free List, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1682], for "all composition metal of which copper is a component material of chief value."

On application by George Meier & Co., importers, for a review of the decision (In re Riessner, G. A. 5,150) of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York.

Albert Comstock, for appellant.

D. Frank Lloyd, Asst. U. S. Atty.

WHEELER, District Judge. The Tariff Law, Act July 24, 1897, c. 11, § 1, Schedule C, par. 193, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], provides for a duty on "articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum or other metal and whether partly or wholly manufactured, 45% ad valorem"; and puts in the Free List, by paragraph 533, Free List, § 2, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1682]: "Old copper, fit only for manufacture, clipping from new copper, and all composition metal of which copper is a component material of chief value, not specially provided for in this act." This importation is of fine pieces of metal, called "flitters," made from sheets of copper and zinc composed into bars, and reduced without other change to fineness for use in the same manner as bronze powder. It has been assessed for duty as a manufacture of metal at 45 per cent. under paragraph 193, against a protest that it was free as "composition metal" under paragraph 533.

That this article was "composition metal," within paragraph 533, is unquestioned. It has not been in any manner changed as to its constituent parts, or in any wise altered, except as it has been made finer by reducing the size of the particles. It is now, as it was before, in fact "composition metal," and has not been wrought into anything new except as it has been prepared for use as such metal for the purposes for which it may be used. The case seems to come within the principle of Robertson v. Perkins, 129 U. S. 233, 9 Sup. Ct. 279, 32 L. Ed. 686, where it was held that steel rail crop ends were dutiable as steel because they remained steel, although cut off as waste, and not wrought into anything else.

Decision reversed.