**Jeanette A. BARRETT, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (VISION QUEST NATIONAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 18, 2009.

Decided Nov. 5, 2009.

Amended and Publication Ordered Feb. 24, 2010.

Susan Paczak and Sandra W. Kokal, Pittsburgh, for petitioner.

Robert S. Richman and William M. Conwell, Pittsburgh, for respondent.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

Jeanette A. Barrett (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that denied her petition for penalties. In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ) that Claimant's employer, Vision Quest National (Employer), never made a payment of compensation to Claimant and, therefore, its denial of liability was timely filed. Accordingly, the WCJ found that Employer did not violate the Workers' Compensation Act (Act)[1] and no penalties were warranted. Finding no error, we affirm.

Claimant had worked for Employer as a childcare worker for approximately three days when she allegedly suffered a work-related injury on June 1, 2007. Employer, through its third-party administrator, Specialty Risk Services (SRS), issued a Notice of Temporary Compensation Payable (NTCP) on June 15, 2007, and mailed it to both Claimant and the Bureau of Workers' Compensation (Bureau). Along with the NTCP, SRS also sent Claimant a check dated June 15, 2007, for the pay period from June 2, 2007, through June 15, 2007. However, Employer changed its mind, deciding that the injury was not disabling. On June 18, 2007, Laura LoVallo, an employee of SRS, issued a stop payment on the check sent to Claimant.[2] Nevertheless, Claimant received the check and deposited it. Claimant did not learn of the stop payment until her bank advised her that her account lacked sufficient funds to cover checks she had written.

On July 11, 2007, Employer issued a Notice Stopping Temporary Compensation (NSTC) and a Notice of Workers' Compensation Denial (NCD). In the NCD, Employer acknowledged that an injury occurred, but stated that Claimant was not disabled as a result of the injury.

On September 13, 2007, Claimant filed a penalty petition, claiming that Employer violated two provisions of the Act. First, Claimant argued that Employer violated Section 406.1(d)(5)(i) of the Act,[3] by failing to issue a NSTC or a NCD within five days after the last payment was made.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

2. Karen Cruice of the Employer ordered the stop payment. Her position with Employer is unknown.

3. It states:
   If the employer ceases making payments pursuant to a notice of temporary compensation payable, a notice in the form prescribed by the department shall be sent to the claimant and a copy filed with the department, but in no event shall this notice be sent or filed later than *five (5) days after the last payment.*
   Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 717.1(d)(5)(i) (emphasis added).

Claimant contended the last payment was made on June 15, 2007, when SRS mailed the check with the NTCP; accordingly, the NSTC and the NCD were required to be filed no later than June 20, 2007. Because Employer filed the NSTC and NCD on July 11, 2007, Claimant asserted that Employer violated the Act. Second, Claimant asserted that the NTCP should have been converted into a Notice of Compensation Payable (NCP) because Employer did not issue a valid NSTC or NCD within the 90–day time period for payment of temporary compensation, as required by Section 406.1(d)(6) of the Act.[4]

Employer filed a timely answer to Claimant's penalty petition denying all allegations. Employer contended that it was not subject to Section 406.1(d)(5)(i) or 406.1(d)(6) because it never issued Claimant any payment that would trigger the time limits in those provisions. Employer argued that the stop payment nullified the check and, therefore, could not be considered a "payment" under the Act.

On November 5, 2007, a Workers' Compensation Judge (WCJ) held a hearing on Claimant's penalty petition. Claimant testified that she suffered a left ankle fracture on June 1, 2007, while she "practice[ed] restraints with other employees." Reproduced Record at 18a–19a (R.R. ____). Claimant also stated that she received the NTCP on June 19, 2007, and deposited the accompanying check. She claimed she received no notice of the stop payment on the check until her bank advised her of insufficient funds in her account. Claimant testified that she never received the NSTC or the NCD that Employer mailed on July 11, 2007.

Employer presented LoVallo's testimony. LoVallo testified that she issued the NTCP and the check to Claimant on June 15, 2007, and later issued a stop payment on the check. She testified that the NSTC and NCD were sent to the same address as the NTCP and accompanying check. She conceded that the NSTC and NCD were not issued until July 11, 2007.

On July 22, 2008, the WCJ issued a decision and order denying Claimant's penalty petition. The WCJ credited the testimony of Claimant and LoVallo. The WCJ found that Claimant never actually received a payment from Employer because of the stop payment on the check. Accordingly, the WCJ ruled that the Act's five-day deadline for issuing the NSTC did not apply. Further, the WCJ found that because Employer issued the NSTC and the NCD on July 11, 2007, it satisfied the 90–day deadline set forth in Section 406.1(d)(6). Therefore, the WCJ held that the NTCP had not automatically converted to an NCP.

Claimant appealed to the Board, claiming that the WCJ's findings of fact were not supported by substantial evidence and that the WCJ erred in denying Claimant's penalty petition. After hearing oral argument, the Board affirmed the WCJ's decision in an order dated April 22, 2009. Claimant now petitions for this Court's review.

On appeal to this Court,[5] Claimant raises two issues. First, Claimant argues that

---

4. Section 406.1(d)(6) states:

   If the employer does not file a notice under paragraph (5) within the 90–day period during which temporary compensation is paid or payable, the employer shall be deemed to have admitted liability and *the notice of temporary compensation payable*

*shall be converted to a notice of compensation payable.*
77 P.S. § 717.1(d)(6) (emphasis added).

5. This Court is limited to determining whether necessary findings of fact were supported by substantial evidence, whether constitutional rights were violated or whether errors of

the WCJ erred by not awarding her penalties because Employer did not follow the proper statutory procedure after it issued the NTCP and the check. Second, Claimant contends that the WCJ erred in finding that Employer did not make a "payment" to Claimant.

We begin with Claimant's second issue because Claimant's first issue, whether Employer violated the Act, depends solely on whether Employer ever issued Claimant a "payment." Claimant contends that the check sent with the NTCP constituted a "payment" under the Act, and Employer responds that the stop payment rendered the check a nullity. We agree with Employer.

The precise moment that a "payment" is made under the Act has been previously litigated. Claimant relies upon *Romaine v. Workers' Compensation Appeal Board (Bryn Mawr Chateau Nursing Home)*, 587 Pa. 471, 901 A.2d 477 (2006). However, this case does not help Claimant.

In *Romaine*, the employer issued an NCP and began paying claimant compensation benefits for her work-related injury in 1990. The WCJ issued an order on December 16, 1994, stating that claimant had fully recovered from her injuries as of August 6, 1991, and terminating claimant's benefits as of that date.

On December 16, 1997, claimant filed a petition to reinstate compensation benefits claiming that she experienced a worsening of her work-related back problems. At issue was whether the reinstatement petition was mailed within the requisite three years after the date of the last compensation benefits payment. The WCJ "found that [c]laimant's most recent payment of compensation was a check from [e]mployer dated December 14, 1994" and concluded

that was the date of the last payment. *Id.* at 475, 901 A.2d at 479.

The Supreme Court disagreed with the WCJ's analysis of what constitutes a "payment." The Court held that "payment by check constitutes a *conditional* payment." *Id.* at 482, 901 A.2d at 483 (emphasis added). The condition of the payment is not accomplished until payment of the monetary funds is actually received. Once that condition is fulfilled, the payment date then relates back to the date that the person received the check. Stated otherwise, if a claimant receives a check on the first day of the month, deposits the check, and the funds are made available in his account on the fifth of the month, the condition is fulfilled. Accordingly, the "payment" date relates back to the day the check was received. On the other hand, if the transfer of funds never occurs, then payment is never made.

In *Romaine*, the Supreme Court rejected the WCJ's analysis but affirmed the decision because the "condition" to the claimant's payment by check dated December 14, 1994, was fulfilled. Thus, December 14, 1994, was the commencement date of the three-year limitations period. Because claimant's reinstatement petition was filed on December 16, 1997, it was untimely.

Here, Claimant received a check but because Employer stopped payment, the condition was never fulfilled. Claimant's reliance on *Romaine* for the proposition that "payment is received when the check is received" is misplaced. *Romaine*, 587 Pa. at 483, 901 A.2d at 483. *Romaine* established that a "payment" under the Act is conditioned on receipt of funds.

In sum, we hold that Employer's stop payment on Claimant's check resulted in

---

law were committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy*

*Mines, Inc.)*, 684 A.2d 673, 676 n. 6 (Pa. Cmwlth.1996).

no "payment" to her under Section 406.1 of the Act, therefore, the five-day time limit to issue a NSTC under Section 406.1(d)(5)(i) was not applicable. Employer issued the NSTC within the applicable 90-day time limit under Section 406.1(d)(6).[6] Because Employer did not violate the Act, we affirm the Board's decision denying Claimant's penalty petition.

### ORDER

AND NOW, this 5th day of November, 2009, the order of the Workers' Compensation Appeal Board dated April 22, 2009, in the above-captioned matter is hereby AFFIRMED.

---

6. Because we find that no payment was made to Claimant, we need not address her contention that the NTCP should be converted to a NCP. Employer did not violate any sections of the Act to warrant conversion.