**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3622
_____

UNITED STATES OF AMERICA

v.

JOHN ZARRA; MARSHA ZARRA,
Appellants

v.

J.P. MORGAN CHASE & CO.; CITIZENS FINANCIAL GROUP, INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 2-10-cv-00811
District Judge: The Honorable Joy Flowers Conti


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 17, 2012

Before: SCIRICA, AMBRO, and SMITH, *Circuit Judges*

(Opinion filed:  April 19, 2012)


_____

OPINION
_____

SMITH, *Circuit Judge.*

Defendants John and Marsha Zarra (collectively, "the Zarras") appeal from an order of the District Court granting summary judgment in favor of Plaintiff United States of America (the "Government"). We will affirm.

In April 2000, the Zarras timely filed their taxes for the year 1999, attaching a check made out to the Internal Revenue Service ("IRS") in the amount of $179,501. This was the correct amount of their liability for 1999. For some unexplained reason, however, only $179.50 was actually transferred to the IRS from the Zarras' account. The Zarras noticed the error, but did not submit a check to pay the residual amount owed. On July 3, 2000, the Secretary of the Treasury made an assessment against the Zarras for the residual amount owed from the 1999 tax year, plus penalties and interest. Less than ten years after the assessment, on June 14, 2010, the Government filed a civil suit against the Zarras seeking the amount assessed in July 2000 under 26 U.S.C. § 7403(a).

On February 25, 2011, the Government filed a motion for summary judgment in its favor, arguing that no rational trier of fact could conclude that the Zarras had already satisfied their tax obligation, and that the Zarras could not properly assert any affirmative defenses. On June 30, 2011, the Zarras filed a cross-motion for summary judgment, arguing in part that the Government's complaint should be dismissed because: (1) the Government provided insufficient

evidence to establish that the assessment was made on July 3, 2000, and thus could not establish that the complaint was filed within ten years of the assessment as required by 26 U.S.C. § 6502(a)(1); and (2) the Zarras discharged their obligations when they submitted the check in the correct amount and are thus no longer liable for the residual that was not transferred. On August 26, 2011, the District Court denied the Zarras' cross-motion for summary judgment, and granted summary judgment in favor of the Government.

The Zarras timely appealed the District Court's judgment, and renewed both of their above-listed arguments. We review the District Court's judgment *de novo*, "and will affirm only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Mabey Bridge & Shore, Inc. v. Schoch*, 666 F.3d 862, 867 (3d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)).[1]

First, the Government clearly provided evidence sufficient to establish that the relevant tax was assessed on July 3, 2000, and thus that their complaint was timely. The Government presented an IRS Form 4340 documenting the owed taxes as well as the July 3, 2000, assessment date. This document is "presumptive proof of a valid assessment." *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir. 1992) (quoting *United States v. Chila*, 871 F.3d 1015, 1018 (11th Cir. 1989)). The

---

[1] The District Court had jurisdiction under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331, 1340 & 1345. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

3

Zarras have not undermined this presumptive proof in any way—the fact that the District Court asked for additional proof during the summary judgment hearing does not mean that the Form 4340 was insufficient to establish the date of assessment as a matter of law.[2]  As a result, the Zarras have not raised a genuine issue of fact as to whether the Government's complaint was filed within ten years of the tax assessment as required by § 6502(a)(1).

Second, the Zarras argue that they discharged their obligation when they submitted a check to the IRS in the correct amount.  The Internal Revenue Code provides that a taxpayer remains liable to the Government "[i]f a check . . . is not duly paid, or is paid and is subsequently charged back to the Secretary . . . ."  26 U.S.C. § 6311(b).  A check is "duly paid" if it is paid "in a proper way, or regularly, or according to law."  *Robertson v. Perkins*, 129 U.S. 233, 236 (1889).  The Zarras argue that, under Pennsylvania law, their check was "duly paid" in the

---

[2] We reject the Zarras' argument that the Government was required to produce a summary record of assessment signed by an assessment officer in order to prove the date of assessment. *See Geiselman*, 961 F.2d at 6 (rejecting a similar argument as "fall[ing] beneath the weight of authority").  Even if such a summary record were required, however, the Government satisfied the requirement by introducing Form RACS 006—a computer-generated summary record of assessments made at a particular branch office that is signed by an assessment officer, as required by Treasury Regulation § 301.6203-1.  The Government's witness, Sandra Mikkelsen, clearly linked the proffered Form RACS 006 to the Form 4340 listing the Zarras' July 3, 2000, assessment.  Nonetheless, we hold that this evidence was not necessary to establish the date of assessment because Form 4340 is presumptive proof of an assessment, and because the Zarras have not undermined that proof in any way. *See Geiselman*, 961 F.2d at 6.

4

correct amount, and that they are therefore not liable for the uncredited portion of the check. Assuming, without deciding, that Pennsylvania law governs whether their check was "duly paid" within the meaning of § 6311(b), we agree with the Government that the Zarras mischaracterize Pennsylvania law.

Under Pennsylvania law, "payment by check constitutes a conditional payment." *Romain v. Workers' Comp. App. Bd.*, 901 A.2d 477, 482 (Pa. 2006). "The condition of the payment is not accomplished until payment of the monetary funds is actually received. . . . [I]f the transfer of funds never occurs, then payment is never made." *Barrett v. Workers' Comp. App. Bd.*, 989 A.2d 396, 399 (Pa. Commw. Ct. 2009) (citing *Romain*, 901 A.2d at 482). Here, the Zarras made a conditional payment to the IRS in the correct amount of $179,501. Only $179.50, however, was actually transferred to the IRS. There is no dispute as to these facts. As a result, under Pennsylvania law, payment of the residual liability "[wa]s never made." *Id*. A tax that is *never* paid cannot be *duly* paid; the Zarras thus have not discharged their obligation, and remain liable under § 6311(b) for the amount assessed, as a matter of law.

Accordingly, we will affirm the District Court's grant of summary judgment in favor of the Government.