# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3463

_____

United States of America

*Plaintiff - Appellee*

v.

Joseph D. Meyer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 15, 2018
Filed: January 28, 2019

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Joseph Meyer failed to file timely federal income tax returns for tax years 2002 and 2009, and the Government levied tax assessments. Meyer maintains that those assessments are invalid because the Internal Revenue Service ("IRS") failed to follow Internal Revenue Code provisions requiring it to mail a notice of deficiency ("NOD" or "ninety-day letter") to him for each tax year before assessing deficiencies. The

district court[1] granted the Government's motion for summary judgment and denied Meyer's cross motion for summary judgment. Meyer appeals both orders. We affirm.

We review *de novo* district court orders on summary judgment. *RSA 1 Ltd. P'ship v. Paramount Software Assocs., Inc.*, 793 F.3d 903, 906 (8th Cir. 2015). Summary judgment is proper if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Before assessing liability for unpaid taxes, the IRS must send a NOD to the taxpayer's last known address by certified mail or registered mail. 26 U.S.C. §§ 6212(a), 6213(a). Within ninety days after the NOD is mailed, "the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." 26 U.S.C. § 6213(a). Absent proper mailing of the NOD, subsequent assessments may be enjoined. *Id.*

The Government bears the burden of proving that the IRS properly mailed a NOD "by competent and persuasive evidence." *Welch v. United States*, 678 F.3d 1371, 1378 (Fed. Cir. 2012). It is entitled to a rebuttable presumption of proper mailing if it "(a) shows that the notice of deficiency existed and (b) produces a properly completed Postal Form 3877 certified mail log (or equivalent)." *O'Rourke v. United States*, 587 F.3d 537, 540 (2d Cir. 2009) (per curiam). The Government may also meet its burden with evidence that is "otherwise sufficient." *Id.* "[S]ufficiently corroborative evidence in the form of testimony, correspondence, habit evidence, or otherwise" will establish both "the existence of the notice of deficiency and of timely mailing." *Welch*, 678 F.3d at 1380.

In these types of cases, the Government often produces IRS Form 4340, "which is a computer generated form that reflects the taxes assessed to and paid by the

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

taxpayer in a particular year." *United States v. Jimenez*, 513 F.3d 62, 79 n.4 (3d Cir. 2008). There is "substantial precedent" that Form 4340 is an "appropriate source[] evidencing the IRS's assessment and notice of tax arrears." *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002) (per curiam). Many courts regard it as "presumptive proof of a valid assessment." *Cropper v. Comm'r*, 826 F.3d 1280, 1287 (10th Cir. 2016); *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006); *United States v. Filson*, 347 F. App'x 987, 990 (5th Cir. 2009) (per curiam); *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir. 1992) (per curiam); *United States v. Zarra*, 477 F. App'x 859, 860 (3d Cir. 2012); *see also Laszloffy v. Comm'r*, 297 F. App'x 628, 629 (9th Cir. 2008) (affirming a grant of summary judgment in favor of the Government because "Form 4340 established that the IRS made a valid tax assessment and sent [the taxpayer] a proper notice of assessment and demand for payment").

The Government did not produce a Postal Form 3877 for either tax year 2002 or 2009. Thus, the rebuttable presumption of proper mailing does not apply. But the Government did produce a Form 4340 for both years. It also produced a copy of the NOD for tax year 2002 and a Case History Report for tax year 2009.

Meyer acknowledges that "Forms 4340 have been routinely admitted in many tax cases" but claims that they are inadequate in this case because they do not indicate when the NODs were mailed. While the Form 4340s do not show when the NODs were mailed, they do show the dates when the Government assessed deficiencies against Meyer. They also explain that those assessments were made "per default of 90 day letter." This explanation is sufficient to establish that the NOD was mailed when a copy of the NOD was also produced during discovery. *See United States v. Rohner*, 634 F. App'x 495, 501-02 (6th Cir. 2015) (affirming a district court's finding that the Government "met its burden to present the requisite 'otherwise sufficient' evidence" when it produced copies of the notices and when "each Form 4340 stated that additional tax had been assessed 'per default of 90 day letter'"). Because the

Government produced a copy of the NOD and Form 4340 for tax year 2002, it established both the existence and proper mailing of the NOD for that year.

The Government did not produce a copy of the NOD for the 2009 tax year, but it submitted a Case History Report that describes steps taken by the IRS officer assigned to Meyer's case. This report provides additional evidence of both the existence and mailing of the NOD for 2009. It states that on January 3, 2013, the officer was "[s]ending to have 90 day letter issued" and indicates that the NOD was, in fact, issued on January 25, 2013. Also, as the district court noted, "the 2009 Form 4340 reflects that tax was assessed 'per default of 90 day letter' on June 10, 2013, which is more than 90 days from when the NOD was allegedly sent, [on] January 25, 2013." *United States v. Meyer*, No. 16-774, 2017 WL 3016761, at *6 (D. Minn. July 14, 2017). We conclude that the Case History Report and the Form 4340 produced by the Government establish both the existence and mailing of the NOD for tax year 2009.

Meyer states that he did not receive the NODs and claims that this is sufficient to rebut any presumption of proper mailing under the common-law mailbox rule. But the mailbox rule is inapplicable here. First, it creates a presumption of *receipt* of mail *after* the sender establishes proper mailing. *See*, *e.g.*, *Ark. Motor Coaches, Ltd., Inc. v. Comm'r*, 198 F.2d 189, 191 (8th Cir. 1952) ("Where, as in this case, matter is transmitted by the United States mails, properly addressed and postage fully prepaid, there is a strong presumption that it will be received by the addressee in the ordinary course of the mails."); *In re Cendant Corp. Prides Litig.*, 311 F.3d 298, 304 (3d Cir. 2002) ("The common law has long recognized a presumption that an item properly mailed was received by the addressee."). Second, Meyer does not cite any precedent tying the mailbox rule to disputes involving the IRS and its obligation to send NODs before assessing deficiencies. Third, Meyer disregards 26 U.S.C. § 6212, which "does not require actual receipt of the mailing." *See Pagonis v. United States*, 575 F.3d 809, 813 (8th Cir. 2009) (stating that "a notice sent by certified mail to a taxpayer's last known address complies with the statutory requirements, even if it is

-4-

returned unclaimed"). Indeed, "[t]hat the taxpayer did not receive actual notice of the deficiency is irrelevant." *United States v. Ahrens*, 530 F.2d 781, 785 (8th Cir. 1976). For all these reasons, Meyer's claim that he did not receive the NODs does nothing to undermine the dispositive evidence of proper mailing produced by the Government.

Finally, in his reply brief, Meyer challenges the reliability and admissibility of Form 4340s by claiming that (1) their creation involves the translation of digital information into plain language, (2) this translation creates new, inadmissible evidence, (3) Form 4340s are not "duly published systems of records, and maintaining such systems is a crime," and (4) because the maintenance of Form 4340s is a crime, they cannot qualify as public records and are inadmissible hearsay. We need not consider these claims because they appear for the first time in a reply brief. *See Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006) ("As a general rule, we will not consider arguments raised for the first time in a reply brief."); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived."). Nevertheless, Meyer's conclusions are contrary to substantial precedent from other circuits that have determined that Form 4340s are highly probative evidence and that have rejected similar claims made by taxpayers in other cases. *See, e.g.*, *Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1992) (rejecting a taxpayer's argument that Form 4340s are inadmissible because they are hearsay and because they were "generated by a computer, and the government did not lay the foundation necessary for the admission of such computerized evidence"); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) (rejecting a taxpayer's claim that "Form 4340 is a computer-generated form prepared exclusively for litigation and that it therefore cannot be relied on as evidence").

For the foregoing reasons, the Government established both the existence and proper mailing of NODs for tax years 2002 and 2009, and Meyer has not offered any persuasive evidence to the contrary. We therefore affirm the district court's orders

granting the Government's motion for summary judgment and denying Meyer's cross motion for summary judgment.

_____